[S. F. No. 6322. Department Two.—October 16, 1914.]

JAMES L. YOUNG, Respondent, v. MATTHEW TURNER COMPANY, Appellant.

Specific Performance—Sale of Part Interest in Vessel—Contract Granting Privilege of Repurchase.—When one sells a part interest in a brig, the buyer binding himself and his heirs to give the seller the privilege of repurchasing whenever the buyer should intend to sell the "interest or after his death," and thereafter the buyer transfers the interest to a third party with notice, an action by the original seller to compel a reconveyance to him is essentially one for specific performance, although the plaintiff files a supplemental complaint, alleging that pending the action the defendant has transferred the interest and praying for a money judgment.

Id.—Replevin—Sufficiency of Facts to Sustain.—If such action is treated as one at law for the recovery of specific property, the plaintiff is without standing, because he had no property either general or special in the thing sought.

Id.—Action for Damages—Insufficiency of Pleading.—Nor can the action be regarded as one for damages, when no damages are pleaded; the supplemental complaint merely reciting the fact that the interest in the brig has been sold for a specified sum and that

no part thereof has been paid to the plaintiff, and there being no statement that this amount is claimed as damages or that the plaintiff has been damaged by the transaction, and if so whether the damages equal or exceed the selling price.

ID.—CONSTRUCTIVE TRUST—WHEN DOES NOT ARISE AGAINST PURCHASER.—The defendant, in such case, does not hold the interest in the brig as a trustee of a constructive trust, since the plaintiff's contract was merely one of option which, under its terms, he was not required to exercise at any time unless he chose to do so. The most that may be said is that the defendant assumed the risk of liability for damages if it should fail to make a future transfer of the interest in the event that the plaintiff should demand it.

ID.—SUPPLEMENTAL COMPLAINT—FUNCTION AND EFFECT.—It is the function of a supplemental complaint to set up facts material to the case occurring after the filing of the former complaint. It is not allowable to substitute a new and distinct cause of action by way of supplemental complaint; and such a pleading leaves the former pleading intact.

ID.—COMPLAINT IN SPECIFIC PERFORMANCE—SUFFICIENCY—ADEQUACY OF CONSIDERATION—JUSTICE AND REASONABLENESS OF CONTRACT.—No action for specific performance of an executory contract is ever sufficiently pleaded, unless the pleader observes the provisions of section 3391 of the Civil Code. The plaintiff, in order to allege a good cause of action, must set forth facts which show that the consideration provided for in the contract sought to be enforced is adequate, and that the contract is just and reasonable to the defendant. A complaint which fails to state such facts does not state a cause of action to enforce the contract.

ID.—SALE OF PERSONAL PROPERTY—PRESUMPTION THAT DAMAGES WILL COMPENSATE BREACH OF CONTRACT.—In addition to this the complaint must, if the contract is for the transfer of personal property, allege facts which show that pecuniary compensation will not afford adequate relief for breach of the contract, and thereby overcome the presumption created by section 3387 of the Civil Code.

ID.—CONSIDERATION—PRESUMPTION AND BURDEN OF PROOF.—The rule of sections 1614 and 1615 of the Civil Code that a written instrument is presumptive evidence of a consideration and that the burden of showing a want of consideration lies with the party seeking to avoid the contract, does not operate against a defendant in an action for specific performance, as a matter of pleading, whatever force it may have as matter of evidence.

ID.—WRITTEN CONTRACT—SUFFICIENCY OF PLEADING IN SPECIFIC PERFORMANCE.—The rule requiring a proper pleading for specific performance is not relaxed merely because the contract is a written one.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Goodfellow, Eells & Orrick, for Appellant.

Coogan & O'Connor, for Respondent.

MELVIN, J.—Defendant appeals from a judgment for $2531.25.

No testimony was offered by either party, the judgment resting upon the complaint, the answer, and cross-complaint. In the complaint, filed November 3, 1909, it is alleged that on August 1, 1894, Matthew Turner and plaintiff's agent entered into a certain contract whereby plaintiff sold to said Turner the nine-sixteenths interest in the brig "Galilee" for thirteen thousand five hundred dollars, and by which also Turner bound himself and his heirs to give the privilege of purchase to said Young whenever he should intend to sell the said interest or after his death, "the conditions of such sale or purchase being a reduction of $2250 per annum" on the price of thirteen thousand five hundred dollars.   It is averred that the said instrument was recorded in August, 1901; that on the tenth day of February, 1909, Matthew Turner sold and assigned said nine-sixteenths interest in the brig to the defendant corporation; that prior to and at the time of such sale and assignment defendant well knew of the execution, existence, and terms of the agreement between Young and Turner; that Matthew Turner died on February 10, 1909; that on May 14, 1909, plaintiff Young demanded of the corporation defendant a conveyance of the said nine-sixteenths interest, but that such demand was refused.   The prayer was for a judgment that defendant execute a proper conveyance to plaintiff of said interest.

The answer admitted the execution of the contract between Young and Turner, but alleged that thirteen thousand five hundred dollars was at the time of making said agreement the full value of the interest sold; "and that it was the intention and contemplation of the parties that the privilege of purchase should be exercised by the plaintiff, if at all, within a reasonable time, and that such reasonable time had long since expired before the death of Matthew Turner."   The answer contained the following averment: "And defendant says that the plaintiff never has obligated himself to purchase the said vessel upon any terms and has never made any offer so to do,

OLXVIII Cal.—43

and that it would now be unreasonable, unjust and inequitable that the plaintiff be allowed to recover the nine-sixteenths interest in the said vessel without the payment of any sum therefor. That the defendant did not render, nor did the said Matthew Turner receive a good or sufficient consideration for the making of the said contract, or for the performance thereof as now demanded by the plaintiff.'' There was also a statement in the answer that Matthew Turner did not sell his interest in the brig to defendant, but that it was transferred to defendant for convenience, the corporation having been formed by Turner and all of the stock having been issued to him. Finally the answer pleaded the laches of Young in delaying so long to assert his rights, if any, under the contract and set up the alleged bar of the statute of limitations. (Code Civ. Proc., secs. 337, subd. 1, and 343.)

In April, 1911, plaintiff filed a supplemental complaint in which it was alleged on information and belief that on or about March 28, 1911, defendant sold the nine-sixteenths interest in the brig ''Galilee'' for $2531.25, no part of which had been paid to plaintiff. The prayer was for that sum of money with interest, and the case having been submitted on the pleadings the court gave judgment for said sum of $2531.25 and interest.

Respondent's position is that this is not a suit for specific performance; that the consideration of the contract between Turner and the respondent may not be impeached by mere pleading because the burden of showing want of consideration is on the party seeking to avoid the instrument (Civ. Code, sec. 1615); that by section 1963 of the Code of Civil Procedure, the presumption stands that there was a good and sufficient consideration for the written instrument; that this not being an action in replevin, the principle announced in *Cardinell* v. *Bennett*, 52 Cal. 476, does not apply; that appellant stood in exactly the same position toward Young that Turner had occupied; that the defendant held the nine-sixteenths interest for plaintiff as trustee of the constructive trust; that the application of the principle of such constructive trust is not confined to real property; and that defendant is liable to plaintiff for the proceeds of the sale without the intervention of equity (citing sec. 3309 of the Civil Code in support of the last position).

We think this is in its essence an action for specific performance. As originally drafted, the complaint asked for that relief and nothing else, and the prayer for a money judgment was only made necessary by the sale of the chattel. If there was no original obligation on the part of defendant to convey there was no liability for the conversion of the interest in the vessel. It is the function of a supplemental complaint to set up facts material to the case occurring after the filing of the former complaint. (Code Civ. Proc., sec. 464.) It is not allowable to substitute a new and distinct cause of action by way of supplemental complaint. (*Brown* v. *Valley View Mining Co.*, 127 Cal. 632, [60 Pac. 424].) Such a pleading leaves the former pleading intact. (*Giddings* v. *76 Land & Water Co.*, 109 Cal. 121, [41 Pac. 788] ; *California F. & F. Co.* v. *Schiappa-Pietra*, 151 Cal. 743, [91 Pac. 593].) The supplemental complaint in this case related to a matter occurring after the commencement of the action which concerned the remedy rather than the cause of action. The essence of the pleaded cause of action was plaintiff's right to enforce the transfer of the nine-sixteenths interest in the brig from defendant to plaintiff. No action for specific performance of an executory contract is ever sufficiently pleaded unless the pleader observes the provisions of section 3391 of the Civil Code. This rule has been followed in this state for many years in a long line of decisions cited in the opinion in the recent case of *Joyce* v. *Tomasini*, 168 Cal. 234, [142 Pac. 67]. In that opinion this language was used: "It is well established as a rule of pleading in such cases, that the plaintiff, in order to allege a good cause of action, must set forth facts which show that the consideration provided for in the contract sought to be enforced is adequate, and that the contract is just and reasonable to the defendant. A complaint which fails to state such facts does not state a cause of action to enforce such contract." All of the cases cited in *Joyce* v. *Tomasini*, except one, relate to contracts to sell real estate. That one, *Wait* v. *Kern River M. M. & D. Co.*, 157 Cal. 25, [106 Pac. 98], has reference to an agreement for the sale of personalty, and appellant contends that the rule must be more strictly applied, if possible, in such a case, than in those where contracts for the sale of real property are involved, because the pleader, in addition to setting up the facts essential under section 3391 of the Civil Code, must overcome the presumption of section 3387 that

the breach of the agreement to transfer personal property can be relieved by pecuniary compensation. He is correct in such contention as this court has frequently held. In the very late case of *Gilfallan* v. *Gilfallan*, 168 Cal. 23, [141 Pac. 623], this court held that although, generally speaking, the presumption arising by reason of section 3387 of the Civil Code will preclude a litigant from seeking specific performance of a contract for the sale of personal property, the presumption is disputable, and where facts are alleged showing that pecuniary compensation will not afford adequate relief, suit for specific performance is the proper form of action.

Respondent cites sections 1614 and 1615 of the Civil Code to the effect that a writing is presumptive evidence of a contract and that the burden of showing want of consideration sufficient to support a contract lies upon the persons seeking to invalidate or avoid it. In an action of this sort that presumption does not operate against a defendant as a matter of pleading, whatever force it may have as a matter of evidence. (*Stiles* v. *Cain*, 134 Cal. 171 [66 Pac. 231]; *Bruck* v. *Tucker*, 42 Cal. 354; *Lambert* v. *Haskell*, 80 Cal. 613, [22 Pac. 327].) The rule requiring a proper pleading for specific performance was not relaxed merely because the contract was a written one.

If we treat the action as one at law for the recovery of specific property, we must conclude that plaintiff is without standing to maintain such a suit, because he had no property either general or special in the thing sought. (*Cardinell* v. *Bennett*, 52 Cal. 477; *Yukon River Steamboat Co.* v. *Gratto*, 136 Cal. 538, [69 Pac. 252]; *Hilmer* v. *Hills*, 138 Cal. 134, [70 Pac. 1080].)

Nor can we regard it as an action for damages for breach of contract because no damages are pleaded. The supplemental complaint merely recites the fact that the interest in the brig had been sold for a specified sum and that no part thereof had been paid to plaintiff. There is no statement that this amount is claimed as damages or that plaintiff was damaged by the transaction, and if so whether the damages equaled or exceeded the selling price.

Defendant did not hold the interest in the brig as a trustee of a constructive trust. Plaintiff's contract was merely one of option which, under its terms, he was not required to exercise at any time unless he chose to do so. When Matthew Turner transferred the property to the defendant, Young had not

sought to exercise that option. As it was personal property the most that may be said is that the defendant assumed the risk of liability for damages if it should fail to make a future transfer of the interest formerly owned by Turner in the event that Young should demand such transfer. No trust in the specific personal property could arise unless there were circumstances requiring the fulfillment of the option by the assignment of said property to plaintiff rather than the payment to him of his damages for the breach of the agreement. Plaintiff's argument upon the theory of a constructive trust is completely answered by that which we have said relative to the showing necessary to make a case for specific performance.

The only remedy that plaintiff had, if any, was damages for the breach of contract. Such remedy was not sought by his pleadings and therefore no judgment should have been given in his favor.

The judgment is reversed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.