[Civ. No. 4130. First Appellate District, Division Two.—March 14, 1922.]

## WILL VIAU, Respondent, v. BENJ. H. VIAU, Administrator, etc., Appellant.

[1] SPECIFIC PERFORMANCE—PLEADING—ADEQUACY OF CONSIDERATION—
FAIRNESS OF CONTRACT.—It is unnecessary to allege *in haec verba*
that the consideration for the promise sought to be specifically
enforced was adequate and that the contract was just and equi-
table, where sufficient facts are alleged from which a court of
equity can see that these elements exist.

[2] ID. — ORAL CONTRACT TO CONVEY LAND — STATUTE OF FRAUDS —
PART PERFORMANCE.—The part performance required to withdraw
an oral agreement to convey land from the stringency of the rule
requiring such a contract to be in writing is not furnished by
mere working upon the land in partial execution of the contract,
where possession has not been given.

[3] ID.—STATUTE OF LIMITATIONS — BAR OF ACTION.—An action for
specific performance of an oral contract to convey land was barred
by the provisions of subdivision 1 of section 339 of the Code
of Civil Procedure, where the complaint alleged repudiation of the
contract in March, 1916, and the action was not brought until
February, 1920.

[4] ID.—FALSE PROMISES TO CONVEY LAND—RECEIPT OF BENEFITS OF
SERVICES — CONSTRUCTIVE TRUST NOT CREATED. — Under section
2224 of the Civil Code, providing that a thing gained by fraud
shall be charged with a trust in favor of the person from whom
it was thus fraudulently obtained, a constructive trust is not
created in favor of the promisee under an oral contract to con-
vey land by the fact that the promises were made in bad faith,
and were false and were made with the intent of receiving the
fruits of the promisee's labor through fraud, since the thing
gained was the labor and not the title to the land.

[5] ID.—STATEMENTS OF PROMISOR—EXPRESS TRUST NOT CREATED.—
The contention that the promisor under an oral agreement to
convey land by telling the promisee to take the land, but she
would never give him a deed to it, made herself the trustee of
an express trust, is without merit, since such a trust is required
to be in writing under section 852 of the Civil Code and under
section 2222, in order to create, as to the trustee, a voluntary
trust with relation to real property, the trustee must have used

2. What constitutes part performance of verbal contract to take
case out of statute of frauds, note, 53 **Am. Dec.** 539.

such language in writing as would indicate with reasonable cer-
tainty his acceptance of the trust, or his acknowledgment, made
upon sufficient consideration, of its existence.

[6] ID.—INADEQUACY OF CONSIDERATION—LOVE AND AFFECTION.—The
statement in the opinion of the district court of appeal that
"inadequacy of consideration shown by the evidence cannot be
made good by considerations of love and affection," cited from
the department opinion in *O'Hara* v. *Watson*, 172 Cal., at page
537, was modified, and the correct rule, as the court finally deter-
mined it, is found at page 525 in the opinion of the court in Bank.
(Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of
Fresno County. M. F. McCormick, Judge. Reversed.

The facts are stated in the opinion of the court.

E. S. Van Meter, C. K. Bonestell, C. M. Ozias and George
Cosgrave for Appellant.

Ray W. Hays and Ben H. Johnson for Respondent.

LANGDON, P. J.—This is an appeal by the defendant,
as administrator of the estate of Mary H. Viau, deceased,
from a judgment entered in favor of the plaintiff, who was
the son of said deceased.

The complaint alleges that on January 2, 1903, Mary
Viau, now deceased, acquired title to lots 14 and 15, ac-
cording to the plat of Orangedale, county of Fresno, Cali-
fornia, and at said time said property was wholly unim-
proved except nine acres planted to young vines; that
Mary Viau was the mother of plaintiff, Will Viau, and
at the time she acquired title to said property and on
other occasions thereafter she promised that if the plaintiff
would remain with her and assist in the planting and im-
provement of said property and other property then owned
by said Mary Viau, that she would give said plaintiff the
north twenty acres of lots 14 and 15; that plaintiff went
on said property in January, 1903, and remained there
continuously, supervising and managing and planting and
improving said property and working on said land until
April, 1918; that, frequently, during said time he had op-
portunities to engage in other business undertakings, but
was dissuaded from so doing by his mother's promise that

when the property was improved he should have the said twenty acres of land; that from January, 1903, to April, 1918, the plaintiff having confidence in the representations and promises of the said Mary Viau and relying upon the same and solely and only by reason thereof, devoted his entire time and attention to the improvement of the property above described, and other property owned by said Mary Viau, and during all of said time worked his own horses on the said property for the improvement thereof, and for the benefit and improvement of other property owned and possessed by defendant; that the promises made by said Mary Viau were made in bad faith and were false, and were made with intent to deceive, and did deceive, said plaintiff; that said land was completely planted and improved by March, 1915, that plaintiff then demanded of his mother a good and sufficient deed to said twenty acres, but said Mary Viau at that time refused to give a deed to plaintiff; that Mary Viau now claims to own the whole of said twenty acres and repudiates said trust and denies that plaintiff has any interest in said property; that said property is of the value of twenty thousand dollars.

Plaintiff prayed for a decree adjudging him to be the owner of said twenty acres of land and directing Mary Viau to convey the same to him.

The action was originally commenced against Mary Viau during her lifetime and during its pendency she died and the administrator of her estate was substituted in her place and stead. Mary Viau answered the complaint. She denied ever making the alleged promise to plaintiff; denied that he ever remained continuously on the property or that he supervised, managed or improved any portion thereof; denied that plaintiff was ever dissuaded by her from entering into any business undertaking whatsoever or that any promises were made by her to him regarding the land. Defendant also alleged that plaintiff had done certain work upon the land in common with his three brothers and that such work was done by him in consideration of his being cared for and partially supported by defendant; denied that plaintiff at any time by reason of any promise or representation of hers devoted any portion of his time or attention to the improvement of the land described, or ever

worked any horses belonging to himself or did any other work upon the property.

The trial court found that the allegations of the complaint were true and that said Mary Viau did, during her lifetime, claim to own the whole of the twenty acres described in the complaint and did repudiate the trust set forth in said complaint and did deny that plaintiff had any interest in said property; that the allegations of the answer were untrue; that plaintiff was deprived of the use and occupation of the premises for the years 1916, 1917, 1918, and 1919; that the value of said use and occupation for said period of time was $8,900. The judgment decreed that the plaintiff was the owner of said twenty acres and directed the administrator to convey the same to him and gave judgment for plaintiff for $8,900.

The record reveals that the Viau family consisted of the mother, father, and seven children, four of whom were boys. At the time the alleged promise was made to plaintiff in 1903 he was of the age of twenty-three years and was living at the family home with his brothers and sisters. Three of the brothers worked on the property, more or less, during these years, and it certainly cannot be said from a reading of the entire record that the plaintiff contributed more of his time and labor than did the other brothers. He was the eldest son and, naturally, assumed some of the responsibility about the property, especially, as his mother and father separated after the property was acquired, and this forced the mother to look more to her sons. However, a detailed discussion of the evidence in the present case is entirely futile, as the appeal presents to this court merely questions of law.

It is contended by the appellant that the elements necessary to support a decree of specific performance of an oral contract for the conveyance of land are neither pleaded nor proven and, therefore, the complaint does not state a cause of action nor the proof warrant the judgment entered.

The complaint is totally lacking in any allegation that the consideration received by the defendant was adequate or that the contract as to her was just and equitable. Reliance is placed upon the case of *O'Hara* v. *Watson*, 172 Cal. 525 [157 Pac. 608], wherein it is said: "The cross-complaint will be scanned in vain to discover therein any

allegation of the adequacy of the consideration moving from defendant to plaintiff's intestate or of the justness or reasonableness of the contract. Yet from the early case of *Bruck* v. *Tucker,* 42 Cal. 346, consistently down, it has been uniformly held that such averments are essential to a good pleading in equity for specific performance. Only a few of these cases need be cited: Civ. Code, sec. 3391; *Stiles* v. *Cain,* 134 Cal. 170 [66 Pac. 231]; *White* v. *Sage,* 149 Cal. 613, 616 [87 Pac. 193]; *Kaiser* v. *Barron,* 153 Cal. 788 [96 Pac. 806]; *Joyce* v. *Tomasini,* 168 Cal. 234, 236 [142 Pac. 67]; *Young* v. *Mathew Turner Co.,* 168 Cal. 671 [143 Pac. 1029].''

[1] While it is true that it is unnecessary to allege *in haec verba* that the consideration for the promise sought to be specifically enforced was adequate and that the contract was just and equitable, where sufficient facts are alleged from which a court of equity can see that these elements exist (*Stiles* v. *Cain,* 134 Cal. 170 [66 Pac. 231]; *White* v. *Sage,* 149 Cal. 616 [87 Pac. 193]), in the present case the complaint does not show facts from which the court could make such deductions. It alleges that the property is worth $20,000. What the value of farm labor was during the years from 1903 to 1915 is not alleged and is not in evidence; and it is also clear from the evidence that the plaintiff did not work on the ranch continuously during these years, but it appears that he was away on several occasions; that he was ill part of the time and that he did engage in other business enterprises during part of the time he was at the property. The trial court did not find that the consideration for the alleged promise of Mary H. Viau was adequate or that the contract was, as to her, just and equitable. Inadequacy of consideration shown by the evidence cannot be made good by considerations of love and affection. (*O'Hara* v. *Wattson,* 172 Cal., at p. 537 [157 Pac. 610].) In the last cited case the meaning of section 3391 of our Civil Code was carefully discussed and it was decided that it is ''beyond the reach of successful argument that the laws of the state of California declare to its courts of equity that they shall deny the equitable relief of specific performance when they find an inadequacy of price standing alone. Such has been universally the rule of decision in this state. . . .'' Respondent contends, however, that

the present case falls within the rule of *Fleischman* v. *Woods,* 135 Cal. 256 [67 Pac. 276], and that the court will not attempt to place a money value upon the personal services of the respondent, but will presume that a breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation. However that may be in the present case, we are not called upon to decide the question, because if the action is to be regarded as one for specific performance of an oral contract to convey land, it would seem that there is not only the objection to the pleadings and proof above discussed, but also the further objection that such a contract as is here sought to be enforced is within the purview of the statute of frauds. [2] The fact that plaintiff worked upon the land in partial execution of the oral contract does not furnish the part performance required to withdraw the case from the stringency of the rule requiring such a contract to be in writing. (*Davis* v. *Judson,* 159 Cal. 131, 132 [113 Pac. 147]; *Woerner* v. *Woerner,* 171 Cal. 298, 300 [152 Pac. 919].) The plaintiff was never given possession of the land. Mary H. Viau held possession of the same until after the filing of the present action and plaintiff resided with her in her home, together with her other children.

[3] It is also contended by appellant—and this we think is a decisive attack upon the judgment—that the trial court should have sustained the demurrer to the complaint upon the ground that the action was barred by the statute of limitations applicable thereto. (Sec. 339, subd. 1, Code Civ. Proc.; *Lowell* v. *Kier,* 50 Cal. 646.) The complaint alleged that Mary Viau repudiated the contract and refused to perform the same in March, 1916, and this action was not brought until February, 1920. This objection is fatal to the judgment if the action be considered as one for specific performance. However, respondent meets it and the other contentions of appellant by contending that the action is one to enforce a trust and that, under the findings of the court, the property was charged with a constructive trust in favor of plaintiff, and that constructive trusts fastened upon the conscience of a party are not within the statute of frauds. (*Kimball* v. *Tripp,* 136 Cal. 631 [69 Pac. 428]; *Hayne* v. *Hermann,* 97 Cal. 259 [32 Pac. 171].) ·It is stated in the supplemental brief of respondent that the

case is in no sense an action for specific performance, and it is tacitly admitted that unless the facts create a trust in the property for the benefit of plaintiff, the judgment must be reversed, as the objections to the showing made for specific performance of an oral contract for the conveyance of land are insuperable.

[4] We are, therefore, brought to a consideration of this last question as the only real one upon this appeal. Section 847 of the Civil Code provides that the only trusts in relation to real property in this state are those which are enumerated under title IV of said code (See, also, *McCurdy* v. *Otto*, 140 Cal. 48, 51 [73 Pac. 748].) Respondent relies upon sections 2217 and 2224 of the Civil Code. Section 2217 declares that ''an involuntary trust is one which is created by operation of law'' and section 2224 of the Civil Code provides that ''one who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it.'' It is his contention that as the trial court found the allegations of the complaint to be true and as the complaint alleged that the promises made by Mary Viau were made in bad faith and were false and were made with intent on the part of said Mary Viau to deceive the plaintiff, therefore Mary Viau received the fruits of the labor of plaintiff through fraud. Respondent then contends that this constitutes her a trustee for him in respect to the land on which the labor was expended. Such a contention is not warranted by the language of the code section above referred to, which provides that the thing gained by fraud (in this case, plaintiff's labor and not the title to the land) shall be charged with a trust in favor of the person from whom it was thus fraudulently obtained. The cases cited by respondent in support of his contention are cases where the real property to which the trust was held to attach had been acquired by the legal holder by his or her own fraud or undue influence. The situation in the present case does not create a constructive trust attaching to the legal title of this land under our Civil Code or the decisions of our courts.

[5]  Upon the oral argument of this cause there was a contention made by respondent that Mary Viau had made herself the trustee of an express trust by her declarations, testified to .by plaintiff and denied by Mary Viau, that "she told me to take the twenty acres, but she would never give me a deed to it." This contention is also without merit. There are two objections to it. In the first place, the trust contended for by respondent would be a voluntary trust, as distinguished from an involuntary trust created by operation of law. Such a trust, relating to real property, is required by section 852 of our Civil Code to be in writing. Second, in order to create, as to the trustee, a voluntary trust with relation to real property, the trustee must have used such language (in writing) as would "indicate with reasonable certainty his acceptance of the trust, or his acknowledgment, made upon sufficient consideration, of its existence." (Sec. 2222, Civ. Code.) The above-quoted language which plaintiff testified was used by his mother indicates no such acceptance or acknowledgment with reasonable or any certainty.

We are unable to see that the facts of this case raise either a voluntary or involuntary trust with relation to real property under the law of this state. The situation is not within sections 2216, 2222, 2223, or 2224 of the Civil Code, and, as stated before, there are no trusts recognized in this state except those provided for in the Civil Code.

The conclusion is unescapable that this judgment cannot be justified if we view the action as one for specific performance of an oral contract for the conveyance of real property, and, assuredly, it cannot be justified in an action to enforce the execution of a trust, because the facts do not establish a trust. If Mary Viau breached any contract with the plaintiff, he has an adequate remedy at law or he would have had such a remedy had he pursued it in time, and if he has lost it by his own laches, that does not afford a reason for according him a remedy not secured to him by the laws of this state.

The judgment is reversed.

Sturtevant, J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 11, 1922, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing is denied.

The opinion of the district court contains the following statement: **[6]** "Inadequacy of consideration shown by the evidence cannot be made good by considerations of love and affection." In support of this statement the opinion cites *O'Hara* v. *Wattson*, 172 Cal., at p. 537 [157 Pac. 608]. The quotation is made from the opinion of department two. A rehearing was granted in that case for the purpose of modifying this statement, and the correct rule, as the court finally determined it, is found in 172 Cal., at page 528 [157 Pac. 608], in the opinion of the court in Bank.

Shaw, C. J., Wilbur, J., Sloane, J., Shurtleff, J., Richards, J., *pro tem.*, and Lawlor, J., concurred.