[Civ. No. 899. Fourth Appellate District.—July 16, 1932.]

B. F. CULLEY, Appellant, v. LESTER L. COCHRAN, Constable, etc., Defendant and Respondent; J. EDGAR ROSS, Intervener and Respondent.

Hickcox & Trude for Appellant.

J. Edgar Ross and Lester L. Cochran, *in pro. per.*, for Respondents.

BARNARD, P. J.—On a former appeal in this action this court reversed the judgment on the ground that an indemnifier on an attachment bond had been denied the right to participate in the trial and to defend the action after having been served with notice in accordance with section 1055 of the Code of Civil Procedure, and upon the ground that such a person had the right to defend the action without being substituted and without intervening. Most of the facts are set forth in the former opinion (*Culley* v. *Cochran*, 107 Cal. App. 525 [290 Pac. 484, 486]) and need not be here repeated.

After the filing of the *remittitur*, J. Edgar Ross, the indemnifier in question, moved the court for an order substituting him as sole defendant in the action in the place and stead of the constable, who was named as sole defendant in the complaint. This motion was granted and an order entered substituting Ross for the constable as sole defendant and discharging the said constable from all obligation. From this order the plaintiff in the action has taken this appeal.

It is contended that the showing made in support of the motion was not sufficient to justify the order of substitution. The record discloses that the notice of motion and the order were both based entirely upon the statement that this court, upon the former appeal, had decided that Ross was entitled to be substituted for the original defendant in the action. This court did not so intend to decide, and could hardly have done so, as such an issue was not then presented. Apparently a confusion has arisen because in our former opinion we used this language: "But we think Ross had a right either to intervene, to substitute himself as a party, or to proceed with the action in the name of the original defendant." While that was apparently true, so far as the facts appeared in the record then before us, it was by no means the holding of the court nor was it thus held that Ross should be substituted as sole defendant. While the language we there used is justly subject to criticism as being too broad and unnecessary to the decision, considered in connection with the rest of the opinion, it can hardly be taken as directing the entry of such an order as the one now appealed from. Immediately following the

sentence quoted, we said: "Not having intervened or been substituted, he still had the other right. The record conclusively shows that this was his intent; that he had given ample notice thereof; and that he was actually in court demanding the right to conduct the defense of the case in the name of the original defendant." Earlier in the opinion, after giving reasons why such an indemnifier should, under section 1055 of the Code of Civil Procedure be given rights equal in this respect to one who is substituted under section 385 of this code, we said: "The natural implication from the section itself" (sec. 1055, Code Civ. Proc.) "is that the party notified is to be permitted to conduct the defense of the action in the name of the original defendant. There is no provision anywhere that he must be made a party to the action, by substitution or intervention, before he may make such defense." Our conclusion was thus stated: "In effect, the trial court held that although Ross, having received the notice provided for in section 1055, was the real party in interest and would be bound by the judgment, he could not defend the action unless he intervened nor unless he was substituted as a party. We think this is not the law." The whole purport of our decision was to the effect that the respondent Ross had a right to defend the action without intervening and without being substituted.

Not only do we think the record contains no showing sufficient to justify the order made, but the claim is now advanced that there are other indemnifiers or sureties on this attachment bond, whose liability would be affected by substituting Ross in place of the officer as the sole defendant. If such is the case, this in itself is a sufficient reason for not substituting Ross alone as the sole defendant.

The respondent maintains that the order appealed from is not an appealable order. It purports to substitute Ross as the sole defendant in the action and to discharge the original defendant from all obligation. It attempts to finally determine the rights of at least one party and we think it is therefore appealable. (*City of Los Angeles* v. *Los Angeles City Water Co.*, 134 Cal. 121 [66 Pac. 198].)

The appellant contends that the respondent Ross has no right to participate in the defense of this action since he alleged in his purported "complaint in intervention" that he "gave" an undertaking to the constable but did not

allege that he "executed" the same. We held in our former opinion that the rights of Ross depended not upon his so-called complaint in intervention but upon the facts shown. The court had found that he had "executed and delivered" an undertaking "by the terms of which he obligated himself to pay" the judgment. This finding was not attacked and our attention was not then called to anything showing the contrary. The present appeal is taken on the judgment-roll alone. The bond in question is not now, and never has been before us, and nothing appears in the judgment-roll to show that Ross was not a surety on this bond, or to show that he was in fact the plaintiff in the other action in which the bond was given. If, however, as now stated in appellant's brief, the fact is that Ross was not a surety on the bond in the other action, section 1055 had no application, the constable gave notice to the wrong party, Ross had no right to conduct the defense, and everything else said in both of our opinions is inapplicable.

The order appealed from is reversed.

Marks, J., and Harden, J., *pro tem.*, concurred.