[Civ. No. 100.  Fifth Dist.  Sept. 4, 1962.]

JAMES W. MAJORS, Plaintiff and Appellant, v. COUNTY OF MERCED et al., Defendants and Respondents.

[Civ. No. 122.  Fifth Dist.  Sept. 4, 1962.]

CARONELL MAJORS, as Administratrix, etc., Plaintiff and Appellant, v. COUNTY OF MERCED et al., Defendants and Respondents.

(Consolidated Cases.)

428

Goldstein, Barceloux & Goldstein, P. M. Barceloux, Burton J. Goldstein, Reginald M. Watt, Nelson, Coffin & Liedstrand and Bruce Liedstrand for Plaintiffs and Appellants.

McCormick, Barstow, Sheppard & Coyle and William B. Boone for Defendants and Respondents.

CONLEY, P. J.—These cases deal with the same basic facts and they were consolidated on appeal by order of this court.

During his lifetime James W. Majors filed the first action for damages against Richard Johansen and the latter's employer, the County of Merced. After his death, the appellant herein, Caronell Majors, as administratrix of the estate of James W. Majors, deceased, was denied the right on motion to substitute herself as plaintiff and to file an amended complaint. Thereafter, Caronell Majors as such administratrix filed the second action in which she sought damages on behalf of the estate of the decedent arising out of his loss of wages and medical expenses and on behalf of his heirs for his wrongful death. In this second case the court sustained a demurrer to the amended complaint without leave to amend, granted a motion for summary judgment and dismissed the action.

Referring to the first case, James W. Majors filed suit against Richard Johansen and the County of Merced for damages for personal injuries which had occurred on June

10, 1958, when the plaintiff claimed that he was the victim of an assault and battery by Johansen, an employee of Merced County. The altercation arose while Majors was engaged in his occupation of tree trimming, and Johansen was in charge of county prisoners.

The first cause of action in the original complaint alleged a wilful, malicious, vicious and violent assault and battery resulting in severe wounds to plaintiff. A second cause of action alleged that Johansen negligently conducted himself so as proximately to cause claimant severe injuries and head, neck, face and nose damage; a third cause of action alleged that Johansen was an employee of the defendant county and that within the scope and during the course of his employment Johansen was required to work near and have contact with the plaintiff and that the county had a duty to plaintiff and other persons to use due care in the selection and hiring of its employees, which it failed to exercise when it hired defendant Johansen; a fourth cause of action alleged that Merced County failed to use due care in determining what persons should be continued as employees of the county and that the county should have known in the exercise of ordinary care that Johansen was of a violent and disorderly nature and that there was danger that he might injure some person as a direct and proximate result thereof. Plaintiff asked for $25,000 general damages, $10,000 exemplary damages, $2,550 loss of earnings, and $500 medical expenses.

Defendant originally moved for judgment on the pleadings on the ground that a city or county is not liable for torts of public officers or employees while engaged in police functions or other governmental activities in the absence of a consent statute. The court granted defendants' motion for judgment on the pleadings on the ground of sovereign immunity and dismissed the complaint. Plaintiff Majors appealed to the District Court of Appeal, Third Appellate District, and that court reversed the judgment on the ground that the opinion of the Supreme Court in *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], had eliminated the rule of sovereign immunity. (*Majors* v. *Johansen*, 189 Cal.App.2d 740 [11 Cal.Rptr. 426].)

On May 16, 1961, appellant filed a notice of motion for an order substituting her as party plaintiff and permitting the filing of an amended and supplemental complaint. The motion was made on the ground that on January 1, 1961,

". . . James W. Majors died as a proximate result of the injuries received by the negligence of the defendants, . . ." and that Caronell Majors had been duly appointed administratrix of his estate; the proposed amended and supplemental complaint alleged a first cause of action for physical injuries to decedent resulting from defendants' negligence and a second cause of action for wrongful death in favor of the widow and four minor children under Code of Civil Procedure section 377.

On May 29, 1961, the motion to substitute party plaintiff and permit the filing of an amended and supplemental complaint was denied by the court. On June 13, 1961, plaintiff filed a second motion for an order substituting party plaintiff and permitting the filing of an amended and supplemental complaint. This second motion was made on the same grounds as the motion filed on May 16th and referred to the same proposed amended pleading. The second motion was based on an affidavit of appellant's attorney stating that ". . . the allegations contained in the Proposed Amended and Supplemental Complaint are true and correct and, by reference, affiant incorporates said Proposed Amended and Supplemental Complaint as though fully set forth herein." No affidavit had been filed in support of the first motion.

One of the attorneys for the defendant County of Merced filed an affidavit in opposition to the motion, which included as an exhibit the death certificate showing that Majors died on January 1, 1961, as a result of gunshot wounds; the affidavit alleged that a coroner's inquest had been held (a copy of the transcript being attached) and that the record showed that Caronell Majors had killed Majors by firing six shots at him with a Colt pistol; that James and Caronell were married on July 8, 1959, more than a year after the incident of June 10, 1958, and that the altercation with Johansen had nothing to do with the death of James W. Majors. After argument, the court made an order on July 18, 1961, denying the motion in its entirety, and plaintiff filed her notice of appeal.

Respondent maintains that there can be no appeal in the first case because a formal judgment was not entered. A sufficient answer is that the refusal to permit a substitution of the administratrix finally eliminated her as a party and that the order therefore is to be treated as a final judgment from which an appeal can be taken. (See *Culley* v. *Cochran,* 124 Cal.App. 730 [13 P.2d 540]; *Walsh* v. *Superior Court,*

92 Cal.App. 454 [268 P. 442] ; *Orloff* v. *Orloff*, 144 Cal.App.2d 541 [301 P.2d 293].)

In the second case, Caronell Majors, as administratrix of the estate of James W. Majors, deceased, filed an amended complaint on October 30, 1961, alleging as a first cause of action that on June 10, 1958, ". . . Richard Johansen so negligently conducted himself as to proximately cause JAMES W. MAJORS' severe personal injuries, which negligence and personal injuries ultimately proximately resulted in his death on January 1, 1961," that Majors suffered medical expenses and lost earnings, that before the filing of the action plaintiff was appointed administratrix and filed and served a verified claim on the defendants as required by law.

As a second cause of action for wrongful death (Code Civ. Proc., § 377) the amended complaint alleged that Majors' widow and four minor children had been deprived of his care and protection to their damage in the sum of $200,000 as a proximate result of the said negligence of defendants.

The County of Merced demurred generally and specially to the amended complaint and also filed a notice of motion for summary judgment; the grounds of the motion included the contentions that the complaint was sham and that the action was without merit. The affidavit in support of the motion for summary judgment included a copy of the death certificate, a copy of the transcript of the coroner's inquest, a reference to the first pending action and an explanation of the circumstances of the death. Points and authorities supported the contention that a summary judgment would be proper because the action had no merit and that the allegations of a complaint do not regulate the right to summary judgment but that it must be determined from the affidavits whether a genuine issue as to any material fact exists. *Plaintiff filed no counteraffidavit.*

On December 7, 1961, the court made an order sustaining defendant's demurrer without leave to amend, awarding a summary judgment in favor of the defendant County of Merced, and dismissing the amended complaint.

It will be noted that the plaintiff and appellant is seeking to get into court in each of the two cases on two different types of claim. The first class of demand is for expenses in connection with decedent's alleged injury and loss of wages. In the first case the plaintiff attempts to substitute herself as the personal representative of plaintiff's estate so that she may continue to urge this claim on a theory

of survival. In the second case she attempts as administratrix to urge the same claim as a new cause of action. One of the grounds of demurrer in the second case was that there was another action pending involving the same subject matter; the ruling on demurrer and dismissal of the amended complaint as to the first cause of action on this ground was correct, if in fact there was a survival of the cause of action in the first case for loss of wages and the monies expended by decedent in the treatment of his alleged injuries.

Section 385 of the Code of Civil Procedure provides in part: "An action or proceeding does not abate by the death, or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the Court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest."

While the quoted portion of the section uses the word "may," which is permissive rather than mandatory in form, the personal representative of the estate of a person who has filed suit before death has by custom and practice a firm right to expect and demand a substitution "if the cause of action survive or continue."

As is said in 1 Corpus Juris Secundum, Abatement and Revival, section 160, page 210: "In most jurisdictions the view is taken that where a statute providing for revival or continuance is applicable, the personal representative or other successor in interest of the deceased party is entitled to be substituted for him as a matter of course, and an order of revivor must be granted as a matter of right rather than as a matter of discretion."

The question then is whether the cause of action survived under section 956 of the Civil Code,* which was effective at the time of the motion:

"A thing in action arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer or any other person liable for damages for such injury, nor by reason of the death of the person injured or of any other person who owns any such thing in action. When the person entitled to maintain such an action

---

*Section 956 of the Civil Code was repealed by the Legislature in 1961 (Stats. 1961, ch. 657, pp. 1867-1868), and at the same time section 573 of the Probate Code was amended to constitute a general survival statute.

dies before judgment, the damages recoverable for such injury shall be limited to loss of earnings and expenses sustained or incurred as a result of the injury by the deceased prior to his death, and shall not include damages for pain, suffering or disfigurement, nor punitive or exemplary damages, nor prospective profits or earnings after the date of death. The damages recovered shall form part of the estate of the deceased. Nothing in this article shall be construed as making such a thing in action assignable.''

The proposed amendment to the complaint in the first action was limited to the damages recoverable under the foregoing section. It is clear that the application of the appellant for leave to substitute herself as plaintiff and to amend the first cause of action of the complaint should have been granted unless, as claimed by respondent, the appeal itself is a nullity.

This latter contention is based on the fact that there were successive motions for leave to substitute and amend, and it is claimed that the appeal should have been taken from the original denial of the application. The appeal was timely insofar as the renewed or second application was concerned but was filed too late from the standpoint of the original application. Respondent observes that the time for an appeal can not be extended by the mere repetition of identical motions, but here the second motion was a renewal of the first with the implied consent of the court (*Tiffany Productions, Inc.* v. *Superior Court,* 131 Cal.App. 729, 737-738 [22 P.2d 275]), and the court had jurisdiction to hear it (*Andersen* v. *Superior Court,* 187 Cal. 95, 102 [200 P. 963]), from which it follows that the appeal was properly taken from the second ruling. (*Bice* v. *Stevens,* 160 Cal.App.2d 222 [325 P.2d 244] ; *Harth* v. *Ten Eyck,* 16 Cal.2d 829, 832-833 [108 P.2d 675] ; *Hover* v. *MacKenzie,* 122 Cal.App.2d 852, 857 [266 P.2d 60].)

This conclusion is reinforced by the further consideration that it does not appear that the first ruling was made on the merits. In this connection no affidavit was filed in support of the original motion, and the court could well have denied the application on the basis of lack of evidentiary foundation (*Andersen* v. *Superior Court, supra,* 187 Cal. 95, 102), whereas on the renewed application the motion was supported by affidavit. The record does not show that the original denial of the first motion was an actual determination on the merits. (See *Gagnon Co., Inc.* v. *Nevada Desert Inn, Inc.,* 45 Cal.2d

448 [289 P.2d 466]; *Estate of Cook*, 205 Cal. 581, 588-589 [271 P. 1083].)

We turn to a consideration of the cause of action for wrongful death contained in each of the two complaints under scrutiny. As a part of appellant's motion for leave to substitute and amend in the first case, it was proposed that the second cause of action in the amended complaint would consist of a claim for wrongful death on behalf of the heirs of James W. Majors. In the second case there was a similarly pleaded cause of action for wrongful death on behalf of the heirs. Our initial inquiry on this phase of the case is whether or not a cause of action for wrongful death may properly be joined over timely objection with a pending action for damages for expenditures for hospital expenses and loss of wages brought by a decedent during his lifetime. The cause of action on behalf of the heirs did not come into being until the death of James W. Majors, and while an administratrix has authority to file an action on behalf of the heirs of a decedent in a wrongful death case and also has a right to be substituted for the decedent in an action brought by him during his lifetime against a wrongdoer for medical expenses and loss of wages, the two causes of action are so distinct and separate in time and origin that they should not be joined over objection. What was being sought by appellant in the first action was the right to file a supplemental complaint, and this situation is generally discussed in *Erickson* v. *Boothe,* 127 Cal.App.2d 644, 647 [274 P.2d 460], as follows:

''The office of a supplemental complaint is to bring to the notice of the court and opposing party 'facts material to the cases occurring after the former complaint . . .' (Code Civ. Proc., § 464) which would affect the rights asserted and the judgment to be rendered. Also it must be in furtherance of, and consistent with, the original action. (*Stephani* v. *Abbott,* 137 Cal.App. 510, 516 [30 P.2d 1033].) 'Such a right,' the court said in the early case of *Gleason* v. *Gleason,* 54 Cal. 135, 'can be exercised only with reference to matter which may be consistent with, and in aid of the case made by the original complaint, and which occurred between the time of filing the original complaint and the trial or judgment in the action.' The motion to file such pleadings is addressed to the sound legal discretion of the trial court, and its ruling thereon will not be disturbed on appeal in the absence of a showing of a manifest abuse of that discretion. (*Ross* v. *McDougal,* 31 Cal.App.2d 114 [87 P.2d 709].) '' (See also

*Gonzales* v. *Arbelbide,* 155 Cal.App.2d 721, 726 [318 P.2d 746] ; *Young* v. *Matthew Turner Co.,* 168 Cal. 671, 675 [143 P. 1029] ; Code Civ. Proc., § 464.)

▮ Insofar as the second cause of action contained in the proposed amended and supplemental complaint in the first case is concerned, the trial court's decision that it should not be filed must be approved on appeal.

▮ The language in section 377 of the Code of Civil Procedure which provided:

"Any action brought by the personal representative of the decedent pursuant to the provisions of section 956 of the Civil Code may be joined with an action arising out of the same wrongful act or neglect brought pursuant to the provisions of this section," is not contrary to the foregoing holding, as the first action was not originally "brought" by the personal representative of the decedent; she merely asked here for substitution on the theory of the survival of an existing cause of action. The quoted language relates to an action instituted by a personal representative for causes of action under section 956 of the Civil Code and section 377 of the Code of Civil Procedure. Section 377 of the Code of Civil Procedure also provides that if separate actions exist arising out of the same wrongful act they ". . . shall be consolidated for trial on the motion of any interested party."

▮ What becomes of the death claim (second cause of action) in the second suit? The answer depends on whether the trial court was justified in ordering a summary judgment in favor of the defendant. In *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555 [122 P.2d 264], the Supreme Court points out what the essential inquiry must be in considering a motion for summary judgment:

"The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. [Citations.]" (See also *Severini* v. *Massae,* 140 Cal.App.2d 567 [295 P.2d 472] ; *Tell* v. *Taylor,* 191 Cal.App.2d 266 [12 Cal.Rptr. 648] ; *Kelly* v. *Liddicoat,* 35 Cal.App.2d 559 [96 P.2d 186].)

Defendant maintained by affidavit in support of its motion that the action had no merit and particularly that the conduct of Johansen had nothing to do with the death of James Majors. Certified copies of the death certificate and a transcript of the coroner's inquest were made a part of the affidavit sub-

mitted in support of defendant's motion. This proof showed that James Majors was shot and killed by the plaintiff, Caronell Majors, his wife, some two and a half years after the alleged altercation between Majors and Johansen. No counter-affidavit or other proof was submitted by plaintiff in opposition to the motion for summary judgment. Thus, it was undisputed that the plaintiff, Caronell Majors, shot and killed James Majors in the early morning hours of January 1, 1961, following a drinking party and a drunken argument between the two, as shown by the transcript of the coroner's inquest.

When an affidavit in support of a motion for summary judgment is uncontroverted, a trial court may accept as true the facts stated therein (*Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558, 562-563 [277 P.2d 464] ; *Southern Pacific Co.* v. *Fish*, 166 Cal.App.2d 353, 359-360 [333 P.2d 133]).

And as defendant's affidavit in support of its motion set forth sufficient facts to sustain a judgment in its favor, the trial court correctly granted a summary judgment as to the second cause of action in the second case (*Coyne* v. *Krempels*, 36 Cal.2d 257, 263 [223 P.2d 244]), unless an issue of fact was sufficiently shown by respondent's affidavit.

In her opening brief plaintiff advances the argument that the injury of June 10, 1958, caused brain damage to James W. Majors which was a contributing cause of his conduct toward her, and which in turn led her to shoot him in self-defense, and that the injury of June 10, 1958, was therefore a proximate cause of his death. No such theory was stated or alleged in any pleading, memorandum, affidavit or other paper submitted by plaintiff in the trial court. Appellant bases this argument on the analogy of the holding in *Tate* v. *Canonica*, 180 Cal.App.2d 898 [5 Cal.Rptr. 28], to the effect that under certain circumstances a tortfeasor may be held liable for a suicide proximately resulting from his wrong through the medium of the induced mental and emotional instability of the victim.

In the amended complaint in the second case it is alleged that: "On or about June 10, 1958, at or near the intersection of Riverside and Tegner Roads in the County of Merced, State of California, RICHARD JOHANSEN so negligently conducted himself as to proximately cause JAMES W. MAJORS severe personal injuries, which negligence and personal injuries ultimately proximately resulted in his death on January 1, 1961."

There was no allegation on behalf of the plaintiff in the trial court that James Majors suffered any brain damage or

that any such injury affected his conduct or that Mrs. Majors shot him in self-defense. The pleadings apparently avoided the statement of any of the real facts relating to Majors' death. As already noted, plaintiff did not make any showing by counteraffidavit in opposition to defendant's motion; she offered no proof with respect to the circumstances of Majors' death or the events leading up to it, or as to the injuries he received on June 10, 1958. No medical evidence as to brain damage was received at the inquest, and there was no showing that his commitment to Modesto State Hospital had any connection with the incident of June 10, 1958.

As to one category of responsible tortfeasors in suicide cases, an essential element of a cause of action for wrongful death is that the defendant *intended to cause serious injury* to the decedent. In *Tate* v. *Canonica, supra,* 180 Cal. App.2d 898, 909, it is said: "Consequently, we believe that, in a case where the defendant intended, by his conduct, to cause serious mental distress or serious physical suffering, and does so, and such mental distress is shown by the evidence to be 'a substantial factor in bringing about' (Rest., Torts, §§ 279, 280) the suicide, a cause of action for wrongful death results, whether the suicide was committed in a state of insanity, or in response to an irresistible impulse, or not. This rule would not apply where the *act* of the defendant was intentionally done, but there was no intent to cause injury. It is applicable only where the actor *intended to cause injury,* and the injury is a substantial factor in bringing about the suicide, i.e., is really a cause, in fact, of the suicide."

Respondent points out that plaintiff in each of the complaints for wrongful death here involved alleges *negligence* and *not* intentional conduct.

Also, in *Tate* v. *Canonica, supra,* at page 915, it is said that: "[W]here the negligent wrong only causes a mental condition in which the injured person is able to realize the nature of the act of suicide and has the power to control it if he so desires, the act then becomes an independent intervening force and the wrongdoer cannot be held liable for the death. On the other hand, if the negligent wrong causes mental illness which results in an uncontrollable impulse to commit suicide, then the wrongdoer may be held liable for the death."

The basis of plaintiff's wrongful death action is that Johansen negligently conducted himself, and no uncontrollable impulse of Majors is alleged.

The death of Mr. Majors was the proximate result of a wilful, though possibly excusable, act of Mrs. Majors. The trial court was not bound on its own initiative to search for and hypothesize the fanciful theory of proximate cause now suggested by appellant's counsel.

The opening brief filed by plaintiff makes no explicit attempt to show that the summary judgment as to the wrongful death count in the second case was improper or erroneous in any respect; in fact, appellant's brief does not even mention the summary judgment.

A summary judgment will not be reversed unless there has been an abuse of legal discretion; it seems to us that the judgment as to the wrongful death count in the second action must be affirmed.

The order denying the appellant the right of substitution in the place and stead of decedent in the first case (5 Civil No. 100) and denying her the right to file an amended and supplemental complaint as to the first cause of action therein is reversed with directions to the trial court to permit the substitution of appellant and the filing of the amended and supplemental complaint as to the first cause of action, on condition, however, that the second cause of action set forth therein be withdrawn by appellant or stricken by the court; further procedure in the trial court as to the first case shall be in accordance with the requirements prescribed in *Corning Hospital Dist.* v. *Superior Court,* 57 Cal.2d 488, 496 [20 Cal.Rptr. 621, 370 P.2d 325]. The judgment in the second case (5 Civil No. 122) is affirmed as to the first cause of action therein on the ground that the demurrer was properly sustained because there was another action pending involving the same subject matter, and as to the second cause of action therein on the ground that the summary judgment was properly granted. Appellant shall recover her costs on appeal in 5 Civ. No. 100, and respondent its costs on appeal in 5 Civil No. 122.

Brown, J., and Stone, J., concurred.