[S. F. No. 4827.  In Bank.—November 20, 1908.]

## CHARLES H. ATHEARN, Respondent, v. ANNIE RYAN, Appellant.

HOMESTEAD—DEED OF TRUST TO SECURE DEBT—PRESENTATION OF CLAIM AGAINST ESTATE OF DECEASED HUSBAND—DEED BY TRUSTEES.— Where community property on which a valid homestead has been declared by the wife, is afterwards conveyed to third parties by a deed of trust, in which both the husband and wife join, in order to secure an indebtedness, and subsequently the husband dies, it is unnecessary to present a claim for the debt secured by the deed of trust to the administrator of the estate of the deceased husband, and a deed by the trustees in the execution of the power contained in the deed of trust, made upon a failure to pay the debt, is valid and effectual to convey the title to the homestead property.

ID.—DEED OF TRUST NOT LIEN OR ENCUMBRANCE.—A deed of trust is not a lien or encumbrance on the homestead within the meaning of those terms as used in section 1475 of the Code of Civil Procedure, which requires a presentation of a claim against the estate as a condition precedent to the enforcement of a lien or encumbrance on the homestead.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

George A. Connolly, for Appellant.

Garoutte & Goodwin, and E. F. Treadwell, for Respondent.

SHAW, J.—This is an action to quiet title. On August 31, 1899, the defendant was the wife of Timothy Ryan and resided with her husband on the premises described in the complaint, the same being community property. On that day the defendant executed and caused to be recorded a declaration of homestead in due form, claiming the said property as a homestead. Afterwards, on June 20, 1902, the defendant and her said husband executed to the plaintiff a note for $680, and, in order to secure the same, executed to certain other persons, as trustees, a deed of trust to the said property. Thereafter, on December 27, 1902, the said Timothy Ryan died, and in due course of time administration was granted on his estate, and notice to creditors given by the administrator. On March 11, 1904, an order was made in said administration proceeding, setting apart the said property to the defendant as a homestead. Afterwards, and before the commencement of this action, the note aforesaid being due and unpaid, the trustees named in said deed of trust, in pursuance of the power conferred upon them by the terms of said deed of trust, sold and conveyed the property to the plaintiff.

The plaintiff claims title by reason of the deed from the trustees, and the defendant claims that the said deed is void because of the fact that after the giving of notice to creditors and prior to making the sale, no claim for the debt secured by said deed of trust was ever presented for allowance to the administrator of the estate of said Timothy Ryan. It will

be seen from this statement of facts that the case comes exactly within the scope of the decision in *Weber* v. *McCleverty,* 149 Cal. 316, [86 Pac. 706]. It was held in that case that, under circumstances precisely similar to those in the case at bar, it was unnecessary to present a claim for a debt secured by a deed of trust, to the administrator of the estate of the deceased husband, and that a deed by the trustees in the execution of the power contained in the deed of trust, made upon a failure to pay the debt when due, was valid and effectual to convey the title to the homestead, notwithstanding the failure to present such claim. The only difference between the facts in that case and the facts above stated, is that in that case the deed of trust was executed by the husband alone prior to the declaration of homestead, while in this case the homestead was filed first and the deed of trust was thereafter executed by both husband and wife. The principle on which that case rests is that a deed of trust is not a lien or encumbrance on the homestead within the meaning of those terms as used in section 1475 of the Code of Civil Procedure, which requires a presentation of a claim against the estate as a condition precedent to the enforcement of a lien or encumbrance on the homestead. There is no difference in the legal effect of the deed of trust considered in that case and that here involved. Upon the principle of that case the judgment of the lower court was correct.

The judgment is affirmed.

Sloss, J., Angellotti, J., Henshaw, J., and Lorigan, J., concurred.