[Civ. No. 1927.   First Appellate District.—December 8, 1916.]

PORTOLA REALTY COMPANY (a Corporation), Appellant, v. J. F. CARLSTON et al., as Trustees, Respondents.

DEED OF TRUST—SUFFICIENCY OF NOTICE OF SALE—INJUNCTION.—
Where the trustees under a deed of trust, upon default in payment and demand for sale by the beneficiary upon the trustees, gave notice of sale in one parcel, as provided in the deed of trust, but one day before the time for the sale, the debtor procured a temporary injunction restraining the sale and directing its postponement, and thereafter the court made an order that the property be offered for sale in three parcels, and that notice should be published not less than five days prior to the date of sale, and the trustees postponed the sale by proper notice as provided in the deed of trust until the day ordered by the court and gave the notice required by the order, objection to the sale on the ground that the notice was not published for the full period of three weeks, but only for five days under the court's order, is without merit, where the deed of trust expressly authorized the sale of the premises as a whole or in parcels at the discretion of the trustees, as the original notice of sale was sufficient to give the trustees jurisdiction to make the sale, which jurisdiction the order of the court requiring an offer of the property for sale in parcels might direct but could not destroy.

ID.—PAYMENT OF PURCHASE PRICE.—A sale under a deed of trust is not invalid because the purchaser does not physically deliver to the trustees the amount of his bid or any portion thereof in gold coin, but immediately after the sale borrows from the bank which holds the notes and is the beneficiary under the deed of trust the sum bid, which is credited to the trustees and a deed executed to the purchaser.

APPEAL from a judgment of the Superior Court of Alameda County.  Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Asher, Meyerstein & McNutt, for Appellant.

Robert B. Gaylord, for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants in an action in equity brought by the plaintiff, seeking relief from a sale of real estate under a

trust deed, of which the defendants Carlston and Harris were the trustees, and at which sale the defendant Winship was the purchaser of the property covered by said trust deed.

The facts of the case are undisputed, and are these: On July 6, 1912, the plaintiff and appellant herein executed a trust deed covering the real estate in question to secure its indebtedness evidenced by its promissory notes in the sum of $58,077.32 to E. Winship, the defendants Carlston and Harris being named as trustees in said deed. This deed of trust was in the usual form, and provided that in the event of the grantor's default, and upon demand of the beneficiaries, the trustees were required to sell the property at public auction as a whole, or, in their discretion, in such parcels or subdivisions as they in their judgment should deem reasonable, after publishing notice of time and place of sale once a week for three weeks; and also provided as one of the terms of such sale that all bids and payments should be made in United States gold coin. Shortly after the execution of the promissory notes and deed of trust Mr. Winship transferred the same to the Central National Bank of Oakland as collateral security for a certain indebtedness of the United Iron Works, of which he was president. At the time of such transfer, and up to and after the sale under the trust deed, the said Carlston, one of said trustees, was president of said bank, and Harris, the other of said trustees, was a stockholder therein. The promissory notes of the plaintiff fell due on or about June 6, 1913, and were unpaid. Five days thereafter the said Central National Bank served a written demand upon the trustees, reciting that default had been made in the payment of these notes, and demanding that the property be sold under the provisions of the trust deed. In response to this demand the trustees gave notice of their proposed sale of the premises in question to be held on July 8, 1913, the said notice being published once a week for three weeks prior to the fixed day of sale. In said notice it was provided and published that the premises would be sold in one parcel. On July 7, 1913, one day before the sale, the plaintiff herein commenced an action in the superior court of the county of Alameda, seeking to restrain such sale, and in such action obtained a temporary restraining order, requiring the trustees to show cause on July 11, 1913, why they should not be enjoined from selling the premises during the pendency of the action. On

July 11, 1913, upon plaintiff's motion in said action the court made a further order directing the trustees to postpone the sale to July 21, 1913, and on July 21, 1913, to offer the property for sale in three parcels as specified in the order; and further directed that the trustees should publish for a period of not less than five days prior to said July 21, 1913, notice that the property would be offered in parcels as provided in said order. Upon the institution of said action on July 7, 1913, the trustees postponed the sale, by a proper notice thereof as provided in the trust deed, until July 15, 1913, and again on that day to July 21, 1913; and said trustees also, and five days prior to the last-named date of sale, published notice of the offer of said property for sale in parcels for the time and in the manner prescribed in the court's order. On July 21, 1913, the trustees offered the property for sale in parcels, and there being no bidders, offered it as a whole, whereupon it was sold to Mr. Winship, the only bidder therefor, for the sum of sixty thousand dollars. The purchaser Winship, according to the findings of the court herein, did not physically deliver to the trustees in United States gold coin the sum of sixty thousand dollars, the amount of his bid, or any portion thereof, but immediately after the sale to him borrowed from the said Central National Bank, the then holder of the promissory notes and the beneficiary under the trust deed, the said sum of sixty thousand dollars, which sum was in said bank credited to said trustees on account of such sale, and a deed to the property was then executed by them to the purchaser. Thereupon the plaintiff brought the present action to set aside said sale.

The court, upon proof or stipulation as to the truth of the foregoing facts, made its findings and rendered its judgment in favor of the defendants, from which judgment the plaintiff prosecutes this appeal.

The first assault which the appellant makes upon the judgment is directed against the findings of the court, which, according to its view, are in irreconcilable conflict, and hence insufficient to support the judgment. An examination of the findings of the trial court will show that they purport to give in detail the history of the acts and conduct of the trustees in the course of the execution of their trust; and while it may be true that some of the general statements of the court in making said findings may vary slightly from the language and effect of its more detailed recital of the facts, these vari-

ances are on the whole trivial and insubstantial and wholly insufficient to justify a reversal of the case.

The contention of the appellant that the sale by the trustees should be set aside for the reason that the notice of the sale of the premises in parcels was not published for the full period of three weeks prior to said sale, but only for the period of five days required by the court's order, we find to be without merit, in view of the fact that the trustees were empowered by the express terms of the deed of trust to sell the premises as a whole or in parcels at their discretion; and hence their original notice of sale was sufficient in form and substance to give them jurisdiction to make the sale, which jurisdiction the subsequent order of the court requiring the offer of the property in parcels might direct but could not destroy.

The further contention of the appellant that the sale was invalid because the payment of the sum bid was not made in gold coin is sufficiently answered by the finding of the court, showing how the transfer of the amount of the purchase price from the purchaser to the trustees was accomplished, viz., by a loan and credit upon the books of the bank, which was at the time the creditor of the plaintiff and the beneficiary of the trust deed. Under such conditions no physical transfer of the actual gold coin from the purchaser to the trustees was necessary to satisfy the requirements of the trust deed.

The final contention of the appellant is that since the trustees were also interested as officials or stockholders in the bank which had become by transfer from the original creditor the holder of the plaintiff's obligations and the beneficiary of the trust deed, they were held to the exercise of some degree of duty in safeguarding the interests of the plaintiff, to which they did not adhere in the sale of the plaintiff's property, might be meritorious if the record disclosed any such violation of their trust; but in that respect the appellant has not succeeded in bringing to our attention any such breach of duty on the part of these trustees as would have justified the intervention of a court of equity in the case at bar.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 5, 1917.