[Civ. No. 3110.    First Appellate District, Division One.—November, 17, 1919.]

ADDIE D. BRYANT et al., Appellants, v. JENNIE A. HOBERT, Trustee, et al., Respondents.

[1] DEEDS OF TRUST—EXECUTION BY HUSBAND AND WIFE ON HOME-STEAD PROPERTY—SALE BY TRUSTEE—TITLE CONVEYED.—A deed made by a trustee in pursuance of the power of sale contained in a deed of trust executed by both husband and wife conveys

---

1. Sales and conveyances by trustees, note, 19 Am. St. Rep. 266.

the absolute title to the property as against a homestead declared upon the property by the wife prior to the execution of the deed of trust.

[2] ID.—TITLE CONVEYED BY TRUST DEED—TERMINATION OF TRUST.— A deed of trust transfers for the purpose of the trust all possible claims of the trustors in the property conveyed, including a claim of homestead, and vests in the trustee the absolute legal title to the entire estate held by the trustors at the time of the execution of the trust deed, and that title must remain in the trustee for that purpose until the trust is either expressly executed through a sale upon default in the payment of the debt secured by the deed of trust, or is terminated by the payment of such debt or other method provided by law.

[3] ID.—TIME OF DECLARATION OF HOMESTEAD IMMATERIAL.—In such a case it is immaterial whether the declaration of homestead was made prior or subsequent to the execution of the deed of trust by the husband and wife.

[4] PLEADING—REOPENING OF CASE AFTER JUDGMENT ORDERED—FILING OF SUPPLEMENTAL ANSWER — DISCRETION — APPEAL.—In the absence of a showing of an abuse of discretion, the action of the trial court in allowing a case to be reopened in order to permit the defendants to file a supplemental answer after the court had ordered judgment for the defendants will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Johnstone & Jones, B. P. Welch and John S. Bryant for Appellants.

Wm. Kay Crawford and Chas. L. Chandler for Respondents.

KERRIGAN, J.—This is an appeal from a judgment in an action to quiet title, and is taken by the plaintiffs from the judgment entered in favor of the defendants.

[1] The first question presented for determination is, Does a deed made by a trustee in pursuance of the power of sale contained in a deed of trust executed by both husband and wife convey the absolute title to the property as against a homestead declared upon the property by the wife prior to the execution of the deed of trust?

We think the point has been put at rest by the case of
*Weber* v. *McCleverty*, 149 Cal. 316, [86 Pac. 706]; *McLeod*
v. *Moran*, 153 Cal. 97, [94 Pac. 604], and *Athearn* v. *Ryan*,
154 Cal. 554, [98 Pac. 390]. The effect of such a deed,
says the court in the first of those cases, is to convey the
legal title to the trustee, who is thereby vested with the
absolute legal title to the premises so far as is necessary to
enable him to convey it to the purchaser at the trustee's
sale free of all right, title, interest, or estate of the trustors,
or anyone claiming under or through them. **[2]** Under
these authorities we have no doubt that such a deed of trust
transfers for the purpose of the trust all possible claims of
the trustors in the property conveyed, including a claim of
homestead, and vests in the trustee the absolute legal title
to the entire estate held by the trustors at the time of the
execution of the trust deed, and that the title must remain
in the trustee for that purpose until the trust is either
executed through a sale upon default in the payment of the
debt secured by the deed of trust, or is terminated by the
payment of such debt or other method provided by law.
**[3]** The declaration of homestead in the case at bar was
made prior to the execution of the trust deed, but it is
immaterial whether it was declared prior or subsequent
thereto. (*Athearn* v. *Ryan, supra.*)

**[4]** The next question presented is as to the right of the
court to allow the case to be reopened in order to permit
the defendants to file a supplemental answer after the court
had ordered judgment for the defendants. The entry of the
minute order by the clerk was not the decision of the court
(*Dalger* v. *Jacobs*, 19 Cal. App. 207, [125 Pac. 258]), and
the court in making the order complained of was exercising
a legal discretion. It not appearing that there has been an
abuse of such discretion, the order will not be disturbed.
(*California Farm Co.* v. *Schiappa-Pietra*, 151 Cal. 732, [91
Pac. 593]; *Young* v. *Mathews-Turner Co.*, 168 Cal. 671,
675, [143 Pac. 1029]; *Lee* v. *Murphy*, 119 Cal. 367, [51
Pac. 549, 955].)

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.