[S. F. No. 11359. In Bank.—June 22, 1927.]

## CENTRAL SAVINGS BANK OF OAKLAND (a Corporation), Respondent, v. FANNIE D. LAKE et al., Appellants.

[1] APPEAL—ORDER RESETTING CASE—NONAPPEALABLE ORDER—STAY.— An order resetting a case for trial, after reversal on appeal, is not an appealable order, and the filing of a notice of appeal from such an order does not have the effect of depriving the trial court of the power to proceed further in the cause pending the purported appeal.

[2] ID.—UNQUALIFIED REVERSAL OF CASE—NEW TRIAL.—It has long been the law of this state that an unqualified reversal remands the cause for a new trial and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable.

[3] DISQUALIFICATION OF JUDGE — BIAS — INSUFFICIENT SHOWING.— It is held in this action in ejectment that the alleged disqualification of the judge on the ground of bias and prejudice, under section 170 of the Code of Civil Procedure, cannot, in the light of the record, be sustained.

[4] ID.—INTEREST OF JUDGE—STOCKHOLDER IN TITLE COMPANY—IN-SUFFICIENT SHOWING.—In an action in ejectment involving the validity of a deed of trust and a sale by the trustees thereunder the trial judge is not disqualified by reason of interest because he is a stockholder and director in a title insurance company engaged in the business of issuing title insurance policies, including many after sales under similar trust deeds, said company, however, not being a party to the action, nor having issued a policy on the property in controversy, but it being contended that if the trust deed in question and the sale thereunder were declared void other trust deeds on property the title of which was insured by said title company would be void and the judge would suffer a loss on his stock in the company.

---

2. See 2 Cal. Jur. 999.

4. Disqualification of judge for interest in legal question involved, note, Ann. Cas. 1917A, 1068. Holding stock as disqualifying judge, note, 48 A. L. R. 617. See, also, 15 R. C. L. 528; 14 Cal. Jur. 810, 821.

[5] Id.—Interest of Judge's Son—Corporation Affiliated With Plaintiff.—In such an action, the trial judge is not disqualified, under subdivision 2 of section 170 of the Code of Civil Procedure, by reason of the fact that his son is a stockholder in a bank alleged to be an interlocking concern with plaintiff, which is not a party to the action, it not being shown that the judge's son was or is an officer of either banking corporation, or is an attorney, counsel, or agent of either corporation, as required by the statute in order to show a disqualification.

[6] Removal of Causes—Diversity of Citizenship—Judgments—Res Judicata—Insufficient Ground for Removal.—A judgment of reversal without specific direction for a new trial is not a final judgment amounting to *res adjudicata;* and a demand for removal of a cause to the federal court under section 28 of the Federal Judicial Code, on the ground of diversity of citizenship and the claim that such a judgment is final, cannot be sustained.

[7] Id.—Section 31, Federal Judicial Code—Fourteenth Amendment to Constitution—Rights Under Trust Deed and Mortgages—Contracting With Reference to State Law.—A demand for removal to the federal court of such action, under section 31 of the Federal Judicial Code, based upon the alleged right of protection under the fourteenth amendment to the constitution of the United States, by reason of the fact that in this state the right to enforce the sale of real property mortgaged to secure a debt is barred when the debt is barred and that the purchaser after the bar takes the property free of any encumbrances on account of the debt, while the right of sale is not extinguished by the statute of limitations when the debt is secured by trust deed, cannot be sustained, where, at the time the trust deed in question was executed, the law of this state with reference to the effect of the statute of limitations upon the question of the enforcement of said contract was in force, as such law became a part of the contract entered into between the parties to the trust deed.

[8] Id.—Protection Against State Action.—It is only as against state legislation, either constitutional or statutory, that the fourteenth amendment to the constitution of the United States and section 31 of the Federal Judicial Code may be invoked.

[9] Id.—Petition for Removal of Cause—Issue of Law.—To accomplish the removal of a cause to the federal courts it must be one that may be removed and the petition must present facts showing a right in the petitioner to demand the removal; and where the petition is based upon the claim that a judgment on appeal reversing the cause without specific direction for a new

5. Disqualification of judge by relative's ownership of stock in corporation, note, 8 A. L. R. 295.

trial is a final judgment and that petitioner seeks the protection of the constitution of the United States under said alleged final judgment, the question is one of law only which the trial court is at liberty to determine for itself, and as the judgment is not a final one the petition is properly denied.

[10] TRUST DEEDS—SALE UNDER—AUTHORITY OF TRUSTEES—SALE BY AUCTIONEER.—Where a trust deed provides that in conducting the sale thereunder the trustees, or either of them, may act, it is no objection to the validity of the sale that one only of the two trustees was present; nor is it a valid objection that an auctioneer assisted in conducting the sale, when the trust deed provided that the trustees, or either of them, might act, either in person or through the agency of an auctioneer.

[11] ID.—PURCHASE PRICE—PAYMENT—SALE TO CREDITORS—CONSIDERATION—STATUTE OF FRAUDS.—It is well settled that when property is sold under a trust deed to the holder of the indebtedness it is not necessary that the payment of the purchase price should be made in gold coin, the consideration for the property being the satisfaction of the debt, and thereupon the contract becomes an executed contract to which the statute of frauds it not applicable.

[12] ID.—SUBSTITUTION OF TRUSTEES—SUFFICIENCY OF.—Where a trust deed expressly covenants that the beneficiary, a bank, may, by a resolution of its board of directors, from time to time appoint and substitute other trustee or trustees to execute the trust thereby created, and that upon such appointment, either with or without a conveyance to said substituted trustee or trustees by the grantees named therein or the survivor of them or their successors or assigns, such new trustee or trustees shall be vested with all the title, interest, powers, duties, and trusts in the premises vested in or conferred upon the original trustees, and that a copy of such resolution, duly certified by the officers of the bank and recorded, shall be conclusive proof of the substitution, such resolution is sufficient muniment of title and is sufficient evidence of the substitution.

[13] ID.—TITLE—RIGHT OF POSSESSION.—Upon the execution of the trusts, under a deed of trust, and a conveyance of title to the purchaser on a sale thereunder, the purchaser not only obtains the fee but all incidents thereto, including the right of possession, free from all claims on the part of the trustors.

[14] ID.—VALIDITY OF DEEDS OF TRUST.—Deeds of trust under the law of this state are valid.

[15] APPEAL—COSTS—BRIEFS.—Where a certain amount was allowed
the appellants on account of the cost of printing their briefs on
a former appeal, no error is shown on a second appeal in the
fact that the trial court struck out an item included in the de-
fendant's bill of costs filed after the going down of the *remittitur*
on the former appeal, which item was for printing portions of the
record as a supplement appended to appellants' opening brief,
as the supplement is deemed to have been a part of the briefs of
appellants, on said appeal.

---

(1) 3 C. J., p. 541, n. 66 New, p. 1255, n. 40.    (2) 4 C. J., p. 1204,
n. 95, p. 1239, n. 96.    (3) 33 C. J., p. 999, n. 25.    (4) 33 C. J.,
p. 995, n. 18.    (5) 33 C. J., p. 1008, n. 20 New.    (6) 34 Cyc., p. 1251,
n. 98 New.    (7) 34 Cyc., p. 1241, n. 41.    (8) 34 Cyc., p. 1240, n. 39.
(9) 34 Cyc., p. 1283, n. 39, p. 1305, n. 23.    (10) 41 C. J., p. 970,
n. 56, p. 971, n. 64.    (11) 27 C. J., p. 321, n. 86; 41 C. J., p. 977,
n. 71 New.    (12) 41 C. J., p. 942, n. 51.    (13) 41 C. J., p. 996, n. 5,
6, p. 997, n. 38.    (14) 41 C. J., p. 284, n. 52.    (15) 15 C. J., p. 271,
n. 36; 41 C. J., p. 999, n. 64 New.

APPEAL from a judgment of the Superior Court of
Alameda County. T. W. Harris, Judge. Affirmed.

The facts are stated in the opinion of the court.

Anson Hilton and Fred W. Lake, *in pro. per.,* for Appel-
lants.

Fitzgerald, Abbott & Beardsley for Respondent.

SHENK, J.—This is an appeal from a judgment in favor
of the plaintiff in an action in ejectment. The plaintiff
asserts title and the right of possession to the property in
question, consisting of a house and lot in the city of Oak-
land, under a deed issued by trustees pursuant to a sale
under a deed of trust. In 1914 the plaintiff bank loaned
to the defendants Fannie D. Lake and Fred W. Lake the
sum of $3,500, for which said defendants, on June 16, 1914,
executed a promissory note and as security therefor exe-
cuted a deed of trust covering said property. The plain-
tiff bank was named as beneficiary in the deed of trust and
J. F. Carlston and Arthur L. Harris were named as trus-
tees. Prior to the sale Arthur L. Harris died and the plain-
tiff, pursuant to the provisions of the trust deed, substituted
J. F. Carlston and H. C. Sagehorn as such trustees. For

failure of payment of the principal and interest default was declared and the property was sold. Thereafter the said trustees made, executed, and delivered their deed to the plaintiff in due form. The defendants refused to surrender possession and on July 12, 1919, this action was commenced. By their answers in that behalf the defendants denied the plaintiff's title and right of possession. Trial was had and judgment rendered for the plaintiff. From this judgment an appeal was taken and the judgment was reversed on the ground that the recitals in the trustees' deed were not sufficient in themselves to prove the substitution of the trustees and that there was no other evidence of the fact (*Central Sav. Bank of Oakland* v. *Lake,* 62 Cal. App. 588 [217 Pac. 563]). The *remittitur* was filed in the superior court on August 21, 1923. Thereupon, on motion of plaintiff, the court, on September 14, 1923, reset said cause for trial on November 19, 1923. On the date last mentioned the cause came on for trial. Findings of fact and conclusions of law and judgment in ejectment in favor of the plaintiff and against the defendants were signed and filed on May 22, 1924. It is from this judgment that the present appeal is prosecuted.

[1] Several jurisdictional questions are presented. On the twenty-fourth day of September, 1923, or within ten days from the date the court made its order resetting the cause for trial, the defendants filed a notice of appeal in this court from said order. It is contended that this notice of appeal had the effect of depriving the trial court of the power to proceed further in the cause pending the purported appeal. Under all of the circumstances here shown we think that such was not the case. The order from which the appeal was attempted to be taken was not an appealable order (see *Sherman* v. *Standard Mines Co.,* 166 Cal. 524 [137 Pac. 249]), and the notice of appeal on its face disclosed that such was the fact. Furthermore, on November 3, 1923, the defendants filed in this court an application to have the hand of the trial court stayed during the pendency of said appeal on the ground that the filing of said notice of appeal had ousted said court of the power to proceed with the trial. The application was denied on November 13, 1923. The said application and denial thus took place before the second trial of the cause on November

19, 1923, and must, therefore, be deemed a proceeding in which it was determined as against the present objection that the trial court retained jurisdiction to retry the cause. Following said proceeding this court, on August 12, 1924, cleared its records of the matter by dismissing said appeal on motion of the plaintiff on the ground that the said order was nonappealable. Notwithstanding the foregoing the defendants insist that as the district court of appeal on the former appeal made its order in the following form: ''The judgment is reversed,'' and did not in specific words remand the cause for a new trial, the trial court could do nothing after the filing of the *remittitur* but enter a judgment in favor of the defendants on the theory now advanced by defendants that said judgment of reversal was a final judgment amounting to *res judicata* as between the parties for the reason that the court on appeal did not specifically order a new trial to be had. There is no merit in the contention. [2] It has long been the law of this state that an unqualified reversal remands the cause for a new trial (*Falkner* v. *Hendy,* 107 Cal. 49, 54 [40 Pac. 21]), and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable (*Sharp* v. *Miller,* 66 Cal. 98 [4 Pac. 1065]; *Estate of Pusey,* 177 Cal. 367 [170 Pac. 846]). The court on the former appeal decided that on the record then presented a necessary link in plaintiff's chain of title was missing and the judgment was reversed for that reason. On the second trial the additional and necessary proof on this point was supplied.

[3] At the opening of the second trial the defendants moved the court for a change of venue. The motion was based on an affidavit made by one of the defendants charging the trial judge with bias and prejudice and with a disqualifying interest under section 170 of the Code of Civil Procedure. A counter-affidavit was filed and the motion was denied. The alleged disqualification on the ground of bias and prejudice is not now and could not, in the light of the record before us, be seriously pressed (*Estudillo* v. *Security Loan etc. Co.,* 158 Cal. 66 [109 Pac. 884]). [4] On the question of the alleged disqualification on the ground of interest it is shown that the trial judge was a stockholder

and director in a title insurance company engaged in the business of issuing and theretofore having issued policies insuring the title to many parcels of land after the sale thereof under similar trust deeds. Said title insurance company was and is not a party to this action, nor was it shown that the said company had issued a policy of title insurance on the property in controversy. Notwithstanding these facts the defendants contend that if in the present proceeding it be declared that the said trust deed and the sale thereunder be unauthorized and void under the laws of this state, then such other trust deeds covering property the title to which has been insured by said title company would also be void and the said judge would suffer a loss in proportion to his stock interest by reason of the policies of title insurance heretofore issued on such other properties. The contention is entirely unavailing. The interest so alleged is so indirect, incidental, remote, and contingent as not to bear the slightest resemblance to the direct, measurable, and pecuniary interest in the subject matter of the action required to be shown in order to disqualify the judge (14 Cal. Jur. 809–814).

[5] It is next contended that the trial judge was disqualified under subdivision 2 of section 170 of the Code of Civil Procedure by reason of the fact that his son is a stockholder in the Central National Bank, which is alleged to be an interlocking concern with the Central Savings Bank, the plaintiff in this action. It will be first noted that the Central National Bank is not a party to this action, but assuming that the alleged affiliation of the Central Savings Bank with the Central National Bank be of such a nature that the stockholders of the latter, for all practicable purposes, own and control the Central Savings Bank, it was not shown that the judge's son was or is an officer of either banking corporation, nor was it shown that said son was or is "an attorney, counsel or agent" of either corporation as required by the statute in order to show a disqualification. The proof of disqualification is thus entirely lacking. (See *Favorite* v. *Superior Court of Riverside Co.*, 181 Cal. 261 [8 A. L. R. 290, 184 Pac. 15].)

[6] On November 10, 1923, the defendant E. D. Lake filed in the trial court an application demanding the removal of said cause to the federal court under section 28

of the Federal Judicial Code on the ground that he was a citizen of the state of Nevada, that the cause had been reduced by the elimination of all the other defendants to a single cause between the plaintiff and himself and that there thus remained a severable controversy between himself and the plaintiff for the reason, as claimed, that the judgment of reversal on the former appeal constituted a final judgment against the plaintiff and in favor of the defendants, including himself. Since the judgment of reversal, at the time the petition for removal was filed, did not amount to a final judgment between the parties under the law of this state the grounds for the removal were insufficient. [7] On the same day, to wit, November 10, 1923, the defendant E. D. Lake also filed a petition for removal to the federal court under section 31 of the Federal Judicial Code. That section provides that when any civil suit is commenced in any state court against any person who is denied or cannot enforce in the judicial tribunals of the state any right secured to him by any law providing for the equal civil rights of the citizens of the United States said cause may be removed to the federal court. Said defendant alleged the right of protection under the fourteenth amendment to the constitution of the United States and relief thereunder by reason of the fact that in this state the right to enforce the sale of real property mortgaged to secure a debt is barred when the debt is barred and the purchaser after the bar takes the property free of any encumbrance on account of the debt (*Faxon* v. *All Persons,* 166 Cal. 707 [L. R. A. 1916B, 1209, 137 Pac. 919]; *Muhs* v. *Hibernia Sav. & Loan Soc.,* 166 Cal. 760 [138 Pac. 352]), while, on the other hand, the right of sale is not extinguished by the statute of limitations when the debt is secured by trust deed (*Travelli* v. *Bowman,* 150 Cal. 587 [89 Pac. 347]; *Sacramento Bank* v. *Murphy,* 158 Cal. 390 [115 Pac. 232]). By reason of this court's construction of the different effect of the statute of limitations as applied to these contractual obligations and the rights incidental thereto it is claimed that said defendant is thereby denied the equal protection of the laws and that his petition for a removal was effectual to transfer the cause out of the trial court and oust it of jurisdiction to retry the same. At the time the trust deed here involved was executed the law of this state with refer-

ence to the effect of the statute of limitations upon the question of the enforcement of said contract was in force. Such law therefore became a part of the contract entered into between the parties to the trust deed. In said application for removal it was thus sought to invoke the fourteenth amendment for relief as against the effect of the voluntary contractual obligation thus assumed. [8] Protection was not sought as against any state legislation, either constitutional or statutory, and it is only as against such state action that the fourteenth amendment and section 31 of the Federal Judicial Code may be invoked (*Corrigan* v. *Buckley,* 271 U. S. 323 [70 L. Ed. 969, 46 Sup. Ct. Rep. 969]; *Kentucky* v. *Powers,* 201 U. S. 1 [5 Ann. Cas. 692, 50 L. Ed. 633, 26 Sup. Ct. Rep. 387]; *Virginia* v. *Rives,* 100 U. S. 313 [25 L. Ed. 667]; *Los Angeles Investment Co.* v. *Gary,* 181 Cal. 680 [9 A. L. R. 115, 186 Pac. 596]). The present case was therefore not properly removable to the federal court on the grounds stated in this second application. [9] A third removal petition was filed by the defendants Fannie D. Lake, Fred W. Lake, and A. F. Lake on grounds alleged also to be within said section 31 of the Federal Judicial Code. In their application these defendants likewise asserted that the judgment of the district court of appeal on the former appeal was a final judgment and they sought the protection of the constitution and laws of the United States under said alleged final judgment. As said judgment of reversal was not in law a final judgment this application on its face failed to state sufficient grounds for removal. The trial court declined to make an order of removal on any of the grounds stated in said applications. Issues of law only were thereby presented. In such case the said court was at liberty to determine for itself whether or not on the face of the record a removal had been effected (*Burlington etc. Ry. Co.* v. *Dunn,* 122 U. S. 513 [30 L. Ed. 1159, 7 Sup. Ct. Rep. 1262]). It was correctly decided that such removal had not taken place. The mere filing of a petition for removal of a cause which is not removable does not necessarily work a transfer. To accomplish this result the action must be one that may be removed and the petition must present facts showing a right in the petitioner to demand the removal (*Southern Pacific Co.* v. *Waite,* 279 Fed. 171, and cases therein cited). Not only

did the trial court correctly determine the questions of law presented on the face of the petition, but the district court of the United States for the northern district of California, the very federal court which the defendants claim to have acquired jurisdiction by reason of said petitions, held, prior to the judgment from which the present appeal is taken, that no cause for removal was shown, and granted a motion of the plaintiff remanding the said cause to the superior court, thus clearing its docket of the matters.

[10]   The validity of the sale under the trust deed is challenged by the defendants. They contend that the power of sale was joint and that since Trustee Sagehorn was the only trustee present at the sale the same was void. There is no merit in the point. The trust deed in terms provided that "in conducting the sale, they, [the trustees] or either of them may act." This was sufficient under section 2268 of the Civil Code, which provides: "When there are several cotrustees, all must unite in any act to bind the trust property, unless the declaration of trust otherwise provides." The trust deed contains the usual provisions for sale by the trustees in case of default. Default was declared and the trustees gave notice of sale. The notice has been examined. It was found by the trial court to be sufficient and we are of the same opinion. An auctioneer assisted in conducting the sale. There can be no valid objection to the course thus pursued under the terms of the trust deed itself and under the law of this state. The trust deed provided that in conducting the sale the trustees or either of them "may act, either in person or through the agency of an auctioneer." This procedure has been approved (*Kennedy* v. *Dunn*, 58 Cal. 389).

[11]   The notice of sale declared the intention of the trustees to sell "at public auction to the highest bidder for cash, gold coin of the United States." The auctioneer properly acted as a crier and the property was sold to the creditor bank. No cash was paid at the time and no written contract of sale was at that time executed. From these facts it is contended that the sale was void. It is well settled that when the property is sold to the holder of the indebtedness it is not necessary that the payment should be made in gold coin. The consideration for the property is the satisfaction of the debt (*Portola Realty Co.* v. *Carlston*,

32 Cal. App. 282 [162 Pac. 899]; *Davies* v. *Ramsdell*, 40 Cal. App. 424 [181 Pac. 94]), and thereupon the contract becomes an executed contract to which the statute of frauds is not applicable (12 Cal. Jur. 926, and cases cited; 27 Cor. Jur. 321).

[12] The defendants attack the substitution of Trustee Sagehorn. The trust deed expressly covenanted that the bank might by a resolution of its board of directors from time to time appoint and substitute other trustee or trustees to execute the trust thereby created, and that upon such appointment, either with or without a conveyance to said substituted trustee or trustees by the grantees named therein or the survivor of them or their successors or assigns, such new trustee or trustees should be vested with all the title, interest, powers, duties, and trusts in the premises vested in or conferred upon the original trustees. It was also provided that a copy of such resolution, duly certified by the officers of the bank and recorded, should be conclusive proof of substitution. Such a resolution was duly passed and certified and was on the fourth day of January, 1918, recorded in the office of the county recorder of Alameda County. This resolution was the muniment of title held on the former appeal to be the necessary proof of substitution and it was received in evidence on the second trial. Upon examination it is found to be sufficient in all respects. [13] Nor do we find any merit in the contention of the defendants that the trustees' deed transferred to the purchaser the naked fee only and not the right of possession. Upon the execution of the trust and the conveyance of title to the purchaser the purchaser not only obtained the fee but all incidents thereto, including the right of possession, free from all claims on the part of the trustors (*Bryant* v. *Hobert*, 44 Cal. App. 315 [186 Pac. 379], and cases therein referred to).

[14] By citation of numerous authorities and by much argument the defendants seek to have it declared that trust deeds are or should be held to be invalid under the laws of this state. Reference to cases decided by this court recognizing the validity and sufficiency of such trust deeds are too numerous to require citation.

[15] Finally, we are asked to review the action of the trial court in striking out an item of $104.60 included in

the defendants' bill of costs filed after the going down of the *remittitur* on the former appeal. This item was for printing portions of the record as a supplement appended to the appellants' opening brief. Assuming that this matter is properly before us on this appeal it is clear that the item was properly disallowed. The portion of the record thus printed was required, if the appellants deemed it necessary, by section 953a of the Code of Civil Procedure wherein the appellants are required to "print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." This supplement is deemed to have been a part of the briefs of the appellants on said appeal and as they included in their cost bill an item of $100 on account of the cost of printing their briefs and as such item was allowed under the provisions of section 1027 of the Code of Civil Procedure the defendants have no just cause of complaint. Other points discussed in the briefs do not require notice.

After what has been said it is deemed appropriate to note that the defendants Fannie D. Lake and Fred W. Lake received the loan of $3,500 from plaintiff and the same has never been repaid notwithstanding repeated offers on the part of the plaintiff to accept the payment thereof with the interest and costs in full satisfaction of the debt. The equitable position of the plaintiff is thus plainly apparent. The claims of the other defendants are predicated upon conveyances subsequent to the execution of the trust deed and such claims are in no better position than those of the original trustors.

The judgment is affirmed.

Waste, C. J., Curtis, J., Langdon, J., and Preston, J., concurred.

Rehearing denied.