[Civ. No. 8667. Second Appellate District, Division One.—May 22, 1935.]

H. A. HARTH, Respondent, v. CALLIE BAUM et al., Appellants.

Lawrence M. Cahill for Appellants.

Robert E. Austin and John N. Helmick for Respondent.

EDMONDS, J., *pro tem.*—Respondent is the grantee in a deed made by an individual trustee upon a sale under a deed of trust. The appellants are the former owners of the property and the makers of the deed of trust. Respondent brought an unlawful detainer action and recovered judgment for the possession of the property.

The points presented on appeal merit little discussion. The first one is that notice was given that the sale was to be

made "on the front steps of the apartment house situated on the hereinafter described property", but that it was not made at that place. The evidence shows that at the time of the sale the appellants had a guard posted on the property who would not allow the trustee or any other person thereon. The trustee therefore stood and cried the sale on the sidewalk directly in front of the steps and only "about nine feet out from the front step". The objection thereto is puerile. The sale was made at the "place" specified in the notice.

Appellants also complain that the trial court erroneously found that the trustee complied with all of the provisions of the deed of trust and that the property was sold to respondent on the highest and best bid. But these findings are based on abundant evidence to support them, and do not present an appealable question. And the testimony of the owner that the property was worth much more than the amount bid is not, of itself, sufficient ground for setting aside a sale. While it is true that where a sale is made for a price greatly disproportionate to the value of the property, courts will set aside the sale on very slight evidence of unfairness or irregularity, "such irregularities, to have this effect, must have conduced to the inadequacy of the price, or in some other way have contributed to the injury of the plaintiff". (*Sargent* v. *Shumaker*, 193 Cal. 122, 131 [223 Pac. 464].) Nothing of that kind is shown here.

The final point made by appellants is that the trustee was ineligible to act as such because both he and respondent, who was the owner and holder of the note and the deed of trust securing it, were officers of a corporation which had guaranteed the note. These facts alone would not invalidate the acts of the trustee in the absence of some showing of fraud or misconduct. (*Kinard* v. *Kaelin*, 22 Cal. App. 383, 391 [134 Pac. 370] ; *Portola Realty Co.* v. *Carlston*, 32 Cal. App. 282, 285 [162 Pac. 899].)

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.