[S. F. No. 14992. In Bank.—-July 25, 1935.]

FRED FARRIS, Appellant, v. PACIFIC STATES AUXIL-
IARY CORPORATION (a Corporation) et al., Re-
spondents.

Leon French and Fred W. Lake for Appellant.

John L. Mace for Respondents.

SEAWELL, J.—Plaintiff appeals from a judgment for defendants entered upon a directed verdict. Defendants heretofore moved to dismiss the appeal or affirm judgment before filing of their respondents' brief. We denied the motion and granted said respondents time to file their brief. (*Farris* v. *Pacific States Auxiliary Corp.*, 1 Cal. (2d) 289 [34 Pac. (2d) 489].) Upon an examination of the briefs and transcript we are convinced that the judgment must be affirmed.

Plaintiff alleged that on September 30, 1930, defendants wrongfully ousted him from possession of an apartment house of which he was the owner, entitled to possession, and in possession. He further alleged that the property withheld produced monthly rentals of $1800, wherefore he had been damaged in the sum of $9,000 for the period of five months between the alleged ouster and the commencement of suit,

and that he would continue to be damaged at the rate of $1800 a month until restored to possession. He prayed for possession of the apartment house and its furnishings and for damages as above set forth.

Plaintiff learned of the apartment house property, situate in Alameda County and containing thirty-nine furnished apartments, on August 27 or 28, 1930. On August 30th he agreed to exchange encumbered real property in Riverside County owned by him for said apartment house. On September 2, 1930, Harriet L. Collins, owner of the apartment house, and her husband delivered to plaintiff a deed to the apartment house and an assignment of "all right, title and interest, if any", in the furnishings and moneys due. The real property was subject to a recorded deed of trust lien executed by Mrs. Collins and her husband on February 2, 1929, to secure an indebtedness of $69,600, wherein defendant Pacific States Savings and Loan Company was beneficiary and defendant Pacific States Auxiliary Corporation, trustee. On June 20, 1930, which was prior to the exchange agreement between plaintiff and Mrs. Collins, the Pacific States Savings and Loan Company recorded its notice of breach, and election to declare the entire indebtedness due and cause the property to be sold under the deed of trust. The property was duly sold on October 18, 1930, by the trustee and purchased by defendant loan company. The sale took place prior to trial of the action herein. Therefore, regardless of the question of defendants' right to possession prior to foreclosure, plaintiff was not entitled to a judgment for possession of the real property. Upon sale under a trust deed the purchaser has an immediate right to possession. (*Central Savings Bank* v. *Lake,* 201 Cal. 438, 448 [257 Pac. 521]; *Kelsey* v. *Richardson,* 101 Cal. App. 762, 768 [282 Pac. 515]; 25 Cal. Jur. 101.)

Nor was plaintiff entitled to a judgment for possession of the furnishings, which, except for certain dishes, had all been purchased by Mrs. Collins on conditional sales contracts, upon which she was in default at the date of the exchange agreement. While said contracts remained in default, the conditional vendors upon payment by defendants of the balance due on the contracts, transferred title to the loan company or the auxiliary corporation. The rights of the purchaser under said contracts were forfeited for non-

payment. As to the dishes not bought on conditional sales contract, the seller had purchased them at execution sale upon a judgment procured by it for the purchase price, and thereafter said seller transferred them to defendant Pacific States Auxiliary Corporation.

 Nor was plaintiff entitled to recover damages based on wrongful withholding of the apartment house from his possession. Upon the evidence it appears as a matter of law that at the date of the exchange agreement and subsequent thereto, defendant Pacific States Auxiliary Corporation, as trustee, was in possession of the apartment house in the lawful exercise of powers conferred on it by express provisions of the deed of trust, as well as subsequent consent given by Mrs. Collins while she remained the owner of the property. The deed of trust provided that in case of default in payment, the trustee should be entitled to take possession either personally or by its agents or attorneys, or by a receiver appointed by the court, and to collect and receive the rents, issues and profits thereof.

On June 20, 1930, more than two months before plaintiff even learned of the property, the Pacific States Savings and Loan Company had recorded its notice of default and election to sell under the deed of trust. On July 19, 1930, more than a month before the exchange, Mrs. Collins and the Pacific States Auxiliary Corporation executed an instrument whereby Mrs. Collins delivered possession and the corporation, as trustee, assumed possession as of that date. With the execution of this agreement, the trustee assumed full management of the apartment house. Mrs. Barnes, who had acted as manager, was continued in that position under a written contract of employment with defendant trustee, dated July 21, 1930, and introduced in evidence herein. Rents collected by her were deposited in the bank in an account designated "Pacific States Auxiliary Corporation—Trustee Account."

This was the situation when plaintiff appeared at the apartment house on August 30, 1930, and demanded of Mrs. Barnes that he be let into possession and that all rents be turned over to him. The evidence as a matter of law will support no other conclusion but that the defendant trustee was then in lawful possession of the apartment house. 
A deed of trust may give the trustee or beneficiary the right

to take possession and collect rents upon default. (*Snyder* v. *Western Loan & Bldg. Co.*, 1 Cal. (2d) 697 [37 Pac. (2d) 86].) Plaintiff testified that he himself searched the public records and observed the deed of trust, and that he also observed the recorded notice of election to sell, which recited the trustor's default in payment of taxes and in payment of instalments due on the indebtedness. At the trial his attorney offered evidence that there was exhibited to plaintiff a copy of the agreement of July 19, 1930, whereby Mrs. Collins surrendered, and the trustee accepted, possession as of that date, and said attorney read the agreement into evidence. There is no claim made that Mrs. Collins deceived plaintiff as to the true status of the property. Plaintiff admitted that he also saw copies of the bank deposit slips showing deposit of rents to the credit of Pacific States Auxiliary Corporation as trustee.

When plaintiff appeared and demanded to be let into possession, Mrs. Barnes, the manager, after speaking on the telephone with Mrs. Collins, permitted him to enter and gave him the keys to two apartments, which he and his attorney occupied until about September 30th, when plaintiff left for Los Angeles to attend to business there, leaving some clothes in the apartments. Upon his return on November 2d he testified that he found that his keys would not open the front door. He did not thereafter occupy either apartment. On or about September 2d he had induced Mrs. Barnes to turn over to him $223.50 collected as rent. On September 1st he had offered Mrs. Barnes the position of apartment house manager for him, which she accepted in writing, but repudiated within a few days immediately upon discovery of the true facts.

In the circumstances shown, plaintiff's physical occupancy of two apartments for a month, his receipt of $223.50 rent money, and his attempted employment of Mrs. Barnes as manager, did not constitute an interruption in the lawful possession of the trustee under the power conferred by the deed of trust. The acts of plaintiff, which he must have known by the exercise of ordinary intelligence constituted an infringement on the rights of the trustee, on no theory can give him the right to recover as damages, for wrongful withholding, any part of the rents collected by said trustee and applied in accordance with the trust agreement.

Upon the whole evidence adduced, defendants were entitled to judgment as a matter of law. Had the jury returned a verdict for plaintiff, it would have been the duty of the trial court to set it aside, or of this court to reverse it on appeal as without support in the evidence. It follows that the court below did not err in directing a verdict. (*Umsted* v. *Scofield Engineering Const. Co.*, 203 Cal. 224 [263 Pac. 799]; *Hunt* v. *United Bank & Trust Co.*, 210 Cal. 108 [291 Pac. 184]; *Estate of Flood*, 217 Cal. 763, 768 [21 Pac. (2d) 579]; 24 Cal. Jur. 912; 10 Cal. Jur. 1165.) The judgment having been entered on a directed verdict, findings of fact were not required to be filed.

The judgment is affirmed.

Langdon, J., Shenk, J., Preston, J., Thompson, J., and Waste, C. J., concurred.