Filed 4/3/15  Spizzirri v. MACH-1 Autogroup CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARC SPIZZIRRI, | |
| Plaintiff and Appellant, | G049378 |
| v. | (Super. Ct. No. 30-2009-00126504) |
| MACH-1 AUTOGROUP, et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from postjudgment orders of the Superior Court of Orange County, Jamoa A. Moberly, Judge.  Reversed and remanded.

Law Office of Frank W. Battaile and Frank W. Battaile for Plaintiff and Appellant.

Gittler & Bradford and Stephen H. Marcus; Wolff Law Corporation and Joshua M. Wolff, for Defendants and Respondents.

This appeal arises from postjudgment proceedings initiated by a judgment creditor to satisfy a judgment. However, the judgment was separately appealed from and this court reversed the judgment in our concurrently filed opinion *Family Investment Company, et al., v. Mach-1 Autogroup, et al.,* (Apr. 3, 2015, G047783) [nonpub. opn.] (hereafter the *FIC* opinion). With the judgment vacated, the trial court's postjudgment orders are nullified and reversed. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 869, p. 928.)

I

*A. The Appeal From the Underlying Judgment*

As described in more detail in the *FIC* opinion, the underlying action arises after multiple failed sale attempts of a Honda dealership owned by Family Investment Company, Inc. (FIC). Following a bench trial, the court ruled the prospective buyer MACH-1 Autogroup (Mach-1) breached the final sales agreement. The court determined FIC was not entitled to damages and held FIC's shareholder, Marc Spizzirri, was obligated to return over $1.5 million in deposits Mach-1 placed into escrow. This ruling was based on the court's determination the parties' operative agreement consisted of two separate agreements, one of which contained a provision obligating FIC to return the deposits. The court determined a contrary provision waiving return of the deposits, contained in the second agreement, was not controlling. For reasons discussed at length in the *FIC* opinion, the court's ruling cannot be upheld and the matter must be remanded and retried. (*FIC* opinion, *supra*, G047783.)

Due to the grounds for our reversal of the judgment, we did not address Spizzirri's argument the court erred in holding he was personally responsible for FIC's obligation to repay the deposits. We also did not address whether there was evidence to support the court's calculation that over $1.5 million was owed. If on remand the court determines the operative agreement contains a provision waiving repayment of the deposit, these two issues would be rendered moot. (*FIC* opinion, *supra*, G047783.) If

2

the court determines the operative agreement calls for repayment, the amount and responsible parties are new issues that must be determined by the trial court based on its interpretation of the operative agreement before rendering its judgment.

B. *Postjudgment Collection Proceedings*

Following the judgment, Mach-1 discovered Spizzirri was a member of a limited liability company (LLC), Auto Orange II, and it was in the process of selling property. While the assets of a LLC are not subject to execution on a judgment, a member's interest in the LLC may be reached by a charging order. On January 30, 2013, Mach-1 filed a motion for a charging order. It also filed an ex parte application for an order to stop the release of escrow funds from the LLC's pending sale of assets to be released before the hearing. The court granted the ex parte application and issued a charging order.

The charging order created a lien on Spizzirri's interest in the LLC which Mach-1 could seek foreclosure at any time. (8 Witkin, Cal. Procedure (5th ed. 2008) Enforcement of Judgment, § 296, p. 322.) The court set a foreclosure sale for May 17, 2013. At the hearing, Spizzirri claimed he owned only 99 percent of Auto Orange II, and his wife, Candice Spizzirri owned the remaining 1 percent. The court accepted Mach-1's bid of $1,000 for Spizzirri's economic interest in Auto Orange II. There were no other bidders.

Mach-1 next sought and succeeded on September 6, 2103, in obtaining a charging order against Candice Spizzirri's 1 percent interest in Auto Orange II. The court set a foreclosure hearing for October 4, 2013. Spizzirri filed a petition for Chapter 11 bankruptcy. The court decided the issue of foreclosure should be addressed in the bankruptcy court.

The court set a bankruptcy status conference for November 1, 2013. A few days before the hearing, Mach-1 filed a report stating it should be granted management rights over Auto Orange II because Candice Spizzirri's interest was community property

3

that was already transferred to Mach-1 when it purchased her husband's interest at the foreclosure sale.  The court agreed, holding, "The [c]ourt finds it appropriate that the management and control of [Auto Orange II] be given to Mach-1 effective immediately."

All the above postjudgment orders are reversed.  Our ruling in the *FIC* opinion, reversing the judgment, nullifies the postjudgment orders because they all concern Mach-1's efforts to enforce the judgment.  "An unqualified reversal remands the cause for a new trial [citation], and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable.  [Citation.]"  (*Central Sav. Bank of Oakland v. Lake* (1927) 201 Cal. 438, 443.)

### III

The postjudgment orders are reversed.  Appellants shall recover their costs on appeal.


O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.


4